## Kinney *v.* Mahoning Mills.

*Principal and agent—Good faith of agent—Receipts of commissions—Set-off.*

A principal is entitled to the dealers' lowest price, and a servant cannot profit by conspiring against the interest of his employer.

A superintendent of mills received a commission from the vendors for machinery purchased by his employers. *Held,* that in a suit by the employee to recover a balance of wages that the company could set off this commission received by the employee.

Argued Dec. 5, 1899. Appeal, No. 86, Oct. T., 1899, by defendant, in suit of Lemuel H. Kinney against Mahoning Foundry Facing Mills, from judgment of C. P. Lehigh Co., April T., 1898, No. 54, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Modified and affirmed. Opinion by ORLADY, J.

Appeal from award of arbitrator. Before ALBRIGHT, P. J.

Plaintiff claimed $304.25 balance due him on account of wages. At the trial defendant submitted the following points:

[1. If the jury believes that the plaintiff, whilst in the employ of the defendant, accepted commission for the purchase of goods from the vendor of the same to the defendant, whilst the plaintiff was acting as agent of the defendant, then that sum may be used as a set-off against any claim the plaintiff may have against the defendant, with interest added to such sum. *Answer :* Affirmed, provided Kinney's duty was, under the terms of his employment, to buy and advise concerning the buying of the machines here in question.] [5]

[2. If the plaintiff was acting in bad faith, and in a way tending to injure the business of the defendant when he attempted to negotiate with Bertolet and others for the lease of the Weissport mill, if he knew that the defendant had an option on such mill, and offered to pay as much or more for the same as the defendants paid for it, then he was violating his contract and was rightfully discharged, and cannot recover in this action. *Answer :* Affirmed. However, whether he was discharged, which defendant denies, is for the jury. If it is

not found that he was discharged, then no result from the alleged discharge will ensue.] [6]

The court charged the jury in part as follows:

[Now if it is proved that it was part of Kinney's duty to put up and buy the machinery, or to buy these very mills, or if he advised the company to buy these very mills, and in consequence they did buy them, or it was his duty to give all his time to the construction of these mills, then, if these mills could be bought for $80.00 less than the $800, it was Kinney's duty to make that fact known.] [4]

Verdict and judgment for plaintiff for $307.20. Defendant appealed.

*Errors assigned* among others were (4) to a portion of the judge's charge, reciting same. (5, 6) Answers to defendant's first and second points, reciting points and answers.

*A. G. Dewalt*, for appellant.—The assignments of error may be considered together in this argument for they all relate to the same fault in the charge of the court.

A case which is parallel with the one at bar is that of Davis v. Hamilton, 108 Ill. 39; s. c. 48 Am. Repr. 541.

A director of a corporation is a trustee for all the stockholders, and all secret profits derived by him in any dealing in regard to any corporate enterprise must be accounted for to the corporation, even though the transaction in which they were made were also of advantage to the corporation: Bird Coal & Iron Company v. Humes, 157 Pa. 278; Parker v. Nickerson, 112 Mass. 195.

Where one is either actually or constructively an agent for another, wages earned or profits acquired in the course of, or in action with his agency, belong to his principal: Penna. R. Co. v. Flanigan, 112 Pa. 558.

Again it is said in Rice v. Davis, 136 Pa. 439, "it is a rule of public policy that an agent for the sale of property cannot at the same time act as agent for the purchaser thereof or interest himself therein, and thus become entitled to compensation from both vendor and purchaser."

*Marcus C. L. Kline,* for appellee.—Material facts and inferences of fact being disputed and in doubt, it became the exclusive province of the jury to determine what the facts were: Barker v. Gas Co., 157 Pa. 593.

OPINION BY ORLADY, J., April 23, 1900:

The plaintiff brought suit to recover a balance alleged to be due to him under a contract with the defendant company. Payment had been refused on the ground that while the plaintiff had been in its employ he had acted in such bad faith as to forfeit all right to a balance of wages, which had been retained under the terms of his employment. It was clearly proved on the part of the defendant, and practically admitted by the plaintiff, that the sum of $80.00 had been paid to the plaintiff, by a vendor of machines, as a commission on the purchase which he had induced his employers to make. At that time the plaintiff was under a contract to give his undivided attention to the business of the defendants, for which faithful performance he was to receive certain wages. He owed to his employers the fullest measure of good faith and could not claim his wages in full, if while earning them, he secretly accepted commissions from a party with whom his employers were dealing at arms length. He could not represent both, and having been paid by one he could not recover from the other. The plain dictates of business integrity, as well as the rules of law, forbid making a profit out of such double dealing   The principal is entitled to the dealer's lowest price, and a servant cannot profit by conspiring against the interest of his employer: Pennsylvania Railroad Co. v. Flanigan, 112 Pa. 558; Rice v. Davis, 136 Pa. 439; Rich v. Black, 173 Pa. 92; Addison v. Wannamaker, 185 Pa. 536.

As to the other part of the claim the evidence was so conflicting that it was rightly submitted to the jury. The court should have instructed the jury to allow the defendants the sum of $80.00 as of the time of its payment. This can be done yet, and the judgment is now affirmed subject to the credit of $80.00 with interest, to be entered by the court.