Francis *v.* Corleto, Appellant.

418

Argued April 21, 1965.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *Matthew W. Bullock, Jr.,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellants.

*Domenick Vitullo,* with him *A. Charles Peruto,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, June 30, 1965:

These appeals are from an order of the Superior Court affirming in part and reversing in part the judgment on the pleadings entered in plaintiffs' favor by the trial court in a mandamus action against officials of the City of Philadelphia.

Plaintiffs below, John E. Francis and Harold V. Varani, were employees of the City of Philadelphia, the former having been Deputy Commissioner of Public Property and the latter Director of Architecture and Engineering. Their employment was terminated by the City for alleged misconduct and criminal acts while so employed.[1] After discharge from their city

---

[1] In the Court of Quarter Sessions, Francis was convicted of illegal conspiracy to defraud, accepting a bribe, extortion and con-

positions, plaintiffs demanded payment of terminal vacation pay as provided by the city's civil service regulations.[2] In addition, on the basis of provisions of the Retirement System Ordinance,[3] they sought return of payments which had been made by them into the retirement system pension fund.

When the City refused to pay plaintiffs the amounts claimed, plaintiffs instituted an action of mandamus against the Philadelphia City Controller and the City Treasurer seeking to compel such payments. Preliminary objections to the complaint were dismissed. Thereafter, defendants filed an answer asserting, inter alia, a right to offset against plaintiffs' payment demands the City's claims for losses arising from plaintiffs' misconduct during their employment. The trial court granted plaintiffs' motion for judgment on the pleadings. On appeal, the Superior Court affirmed the trial court with regard to return of the pension fund pay-

---

spiracy arising out of the improper performance of his duties in connection with the repairing of the city-owned Frankford Elevated transportation line. The Superior Court sustained Francis' conviction on three counts of false pretenses and one count of illegal conspiracy. *Commonwealth v. Francis*, 201 Pa. Superior Ct. 313, 191 A. 2d 884 (1963), allocatur denied, 201 Pa. Superior Ct. xxvi, cert. denied, 375 U.S. 985, 84 S. Ct. 517 (1964). Varani was brought to trial on similar charges and was acquitted.

[2] Philadelphia, Pa., Civil Service Regulations, §20.08: "20.08 TERMINAL VACATION PAY ADJUSTMENTS. An employee who leaves the City service on or after May 1, 1954 shall, upon termination of his employment, have his vacation account adjusted as follows: . . . . 20.084 TERMINAL VACATION PAY. An employee appointed after July 1, 1953 who has completed six (6) months of continuous service shall, upon separation, receive pay for his unused balance of earned vacation leave."

[3] Philadelphia, Pa., Retirement System Ordinance of December 3, 1956, §213: "213.1. An employee whose service with the City is terminated for any cause other than death or retirement before becoming eligible for any service retirement benefits shall be repaid the total contributions made by him into the retirement system without interest."

ments and directed defendants to repay to plaintiffs those contributions. With regard to terminal vacation pay, however, the Superior Court reversed the trial court and held that mandamus to compel payment of that money did not lie.[4] We granted the petitions for allocatur filed both by plaintiffs and defendants.

Mandamus is a high prerogative writ representing an extraordinary remedy which will not be granted in doubtful cases. It will issue only where there is a clear and specific legal right in plaintiff and a corresponding duty in defendant and a want of any other adequate and appropriate remedy. *Verratti v. Ridley Twp.*, 416 Pa. 242, 206 A. 2d 13 (1965). In addition, mandamus may be used only to compel performance of a purely ministerial or mandatory duty. *Volunteer Firemen's Relief Ass'n v. Minchart*, 415 Pa. 305, 203 A. 2d 476 (1964).

Careful review of the claims in this case persuades us that mandamus may not be utilized by plaintiffs to recover the amounts they seek. Plaintiffs establish neither a clear right to the funds sought nor a corresponding mandatory, ministerial duty on the part of defendants to pay those sums. Plaintiffs' demands for payment were refused by defendants because of the right asserted by the City to set off against such funds claims by the City arising out of plaintiffs' misconduct in office. It is true that a counterclaim may not be asserted in an action in mandamus. Pa. R. C. P. 1096. Mandamus would not be precluded, however, by the mere assertion by the City of a claim against plaintiffs if, notwithstanding such claim, plaintiffs show a clear right to the funds and a corresponding mandatory duty in defendants to pay them. However, if the City is entitled to offset any money owed or due to

---

[4] *Francis v. Corleto*, 204 Pa. Superior Ct. 280, 203 A. 2d 520 (1964). WRIGHT, J., filed a dissenting opinion.

plaintiffs with a claim of its own, then permitting plaintiffs to recover in a mandamus action would clearly be improper. This is because the claim of plaintiffs would not be clear and the duty of defendants would not be mandatory and ministerial.

On this appeal, therefore, the issue narrows to the question of whether plaintiffs' right to the claimed payments is subject to a counterclaim or setoff by the City of Philadelphia.

At the outset, plaintiffs assert that the City's rights are not relevant in this action since the City is not named as a party. We do not agree. Although under our Rules of Civil Procedure the City need not be named as a party,[5] such fact may not be utilized to conceal the true nature of the proceeding. The rule clearly states that it is the performance of a "public act or duty by a political subdivision of the Commonwealth" which mandamus seeks to compel. Rule 1094(a) permits the action to be brought against the public official who is designated to perform the act for the municipality. This does not mean that the act is any less that of the municipality or that the position of the municipality should not be considered in determining whether plaintiff does indeed show a clear right in himself and a corresponding duty to honor that right on the part of the municipality.

The defendants are not sued personally but in their official capacities. If, therefore, the City has a right to assert a setoff or counterclaim against funds sought by plaintiffs, then defendants would be duty-bound to refrain from complying with plaintiffs' demands for payment. Their obligation to the City dictates that they

---

[5] Pa. R. C. P. 1094(a) : "When an action is commenced to compel performance of a public act or duty by a political subdivision of the Commonwealth it shall be sufficient to name as defendants such officers in their official capacities as are concerned in the act or duty."

render loyal and faithful service, protecting at all times the City's interests. It would only be appropriate to compel defendant-city officials to pay plaintiffs if their duty to dispense the claimed funds is mandatory regardless of any countervailing interest or claim by the City. We conclude that neither the refund of plaintiffs' pension fund payments nor the receipt of terminal vacation pay are rights enjoyed by plaintiffs which are immune from offset by a legitimate City claim.

The Superior Court determined that the right to the return of pension contributions was an absolute right to which no defense could properly be asserted and against which no counterclaim or offset could properly be made by the City. The Superior Court held that the repayment of pension contributions to plaintiffs was a purely ministerial duty which could be enforced by an action of mandamus.

We can not agree with the result reached by the Superior Court. An examination of the applicable provisions of the Retirement System Ordinance convinces us that the City has the right to offset sums claimed by the City against plaintiffs' demands for pension payment refunds.

We agree with the Superior Court that the pension contributions here in issue constitute contributions by plaintiffs which the City holds as trustee under the provisions of its Retirement System Ordinance. We also agree that upon termination of employment for any cause other than death or retirement before becoming eligible for retirement, an employee is entitled to a return of his payments under section 213.1[6] of the ordinance. In addition, we recognize that the provisions of section 217.1[7] of the Retirement System Ordi-

---

[6] See note 3, supra.

[7] *"Section 217. Disqualification.* 217.1. Notwithstanding any other provision of this Article, no employee nor any beneficiary

nance specifically exempt such contributions from forfeiture for certain kinds of misconduct. But we find nothing in those sections which requires us to take the further step that because there is a right to a return of the contributions, there can not be, at the same time, a right on the part of the City to setoff a claim of its own against funds which would otherwise be payable. To the contrary, such a right is specifically reserved to the City in section 218.1 of the Retirement System Ordinance.[8]

---

designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee (a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following: (1) Perjury . . . (2) Acceptance of a bribe . . . or the offering or giving of a bribe . . . (3) Engaging in graft or corruption . . . (4) Theft, embezzlement, wilful misapplication, or other illegal taking of funds or property of the City . . . (5) Malfeasance in his office or employment (6) Commission of a felony or crime of violence . . . (7) Engaging in a conspiracy to commit any of the foregoing; (b) refuses or fails to testify or answer any questions which, under Section 10-110 of the Home Rule Charter is ground for forfeiture of office or position; (c) while charged with having committed any of the offenses set forth under (a) or (b) above, is dismissed and (1) if a Civil Service employee, does not appeal his dismissal to the Civil Service Commission, or having appealed, does not prosecute his appeal to a conclusion favorable to him, or (2) if exempt from Civil Service, does not prosecute his application for retirement benefits to a conclusion favorable to him, or (3) resigns."

[8] *"Section 218. Exemption.* 218.1. The right of a person to benefits, the return of contributions or any benefit or right accrued or accruing to any persons under the provisions of this ordinance, and the moneys in the funds created pursuant to this ordinance are hereby exempted from levy and sale, garnishment, attachment, execution, sequestration or any other process whatsoever, except where an order has been made by a court of competent jurisdiction for the support of the spouse or child of a member, and shall be payable only to the beneficiary designated by this ordinance and shall not be subject to assignment or transfer; *Provided, however,*

Sections 213.1, 217.1 and 218.1 adopt a unified plan and must be read together, giving effect, if possible, to each. See Statutory Construction Act of May 28, 1937, P. L. 1019, §§62, 63, 46 P.S. §§562, 563. Such a reading results in the conclusion that although misconduct may not constitute grounds for forfeiture of pension contributions, that conduct may nevertheless provide a basis upon which the City may assert a counterclaim or a setoff against demands for the return of pension contributions. Under section 218.1, the City has a right to assert against the plaintiffs or offset against the rights or benefits to which they are otherwise entitled "any claim of the City."[9]

Plaintiffs argue that the City's right of offset provided in section 218.1 must arise out of an employee's membership in the retirement system, giving as an example the possibility of a person having received benefits to which he is not entitled. We do not interpret the ordinance provision in such a restrictive manner. The pertinent section reads: "That the City shall have the authority to assert or offset any claim of the City against such person and the rights or benefits arising

_That the City shall have the authority to assert or offset any claim of the City against such person and the rights or benefits arising from his membership under this ordinance._" (Emphasis supplied.)

[9] In support of its conclusion that mandamus was a proper remedy for recovery of pension contributions, the Superior Court cited Restatement (2d), Trusts, §250 (1959) which states: "The trustee is not entitled to a charge on a beneficiary's interest in the trust estate to secure a liability of the beneficiary to the trustee not connected with the administration of the trust, unless the beneficiary contracts to give him such a charge." In the instant case, the exception applies rather than the general rule. Clearly the City has been given the right to make such charges against the beneficiary's interest by section 218.1 of the Retirement System Ordinance which permits _any_ City claim to be charged against any rights or benefits accruing to beneficiaries as a result of their membership in the retirement system plan.

from his membership under this ordinance." Plaintiffs' contention must rest upon an interpretation of the phrase "arising from his membership under this ordinance" as modifying and limiting "any claim of the City." However, in the interpretation of statutes, "words and phrases shall be construed according to rules of grammar and according to their common and approved usage."[10] Applying that precept in this situation, it is quite obvious that "arising from his membership under this ordinance" does not limit the type of claim which the City may assert against rights or benefits belonging to plaintiffs but, rather, merely clarifies the type of right or benefit against which the City may assert *any* claim. To interpret this provision otherwise would be to totally ignore the dictates of commonsense grammatical construction and defeat the obvious intent of the drafters of the section.[11]

Prior to adoption of this ordinance in 1956, the Superior Court had held in *Abrahams v. Wilson*, 134 Pa. Superior Ct. 297, 3 A. 2d 1016 (1939), allocatur denied, 134 Pa. Superior Ct. xxxiii, that the City was required to return pension contributions to the estate of a deceased employee and was not permitted to off-

---

[10] Act of May 28, 1937, P L. 1019, §33, 46 P.S. §533. Although the Act applies specifically to construction of state statutes, the principles enumerated therein are equally helpful in the interpretation of municipal ordinances.

[11] The Superior Court, applying a rule of construction that "provisos shall be construed to limit rather than to extend the operation of clauses to which they refer", Act of May 28, 1937, P. L. 1019, §54, 46 P.S. §554, found that the claims allowed to the City by the proviso in §218.1 of the Retirement System Ordinance only include those specific processes enumerated in §218.1 which, without the proviso, the City would thereby have been precluded from asserting. We can not construe the proviso in such a restricted manner since it would result in a "construction inconsistent with the manifest intent" of City Council. See Statutory Construction Act of May 28, 1937, P. L. 1019, §31, 46 P.S. §531.

set amounts which the City claimed had been misappropriated by that employee during his employment with the City. The 1956 ordinance corrected that situation by providing for a practical and readily available method by which the City could recoup from one of its employees at least some portion of losses it sustains as a result of that person's employment by the City. If the City lacked such authority, its right of recovery against the wrongdoer in this and many other instances would be, at best, a theoretical and empty one without any real possibility of satisfaction. Surely, reason, common experience, sound governmental administration and public policy dictate the justice and necessity of the authorized right contained in the ordinance to offset against funds in its control. This is particularly so in the present case where the loss claimed by the City results from alleged malfeasance in office by plaintiffs.

We conclude, therefore, that the Superior Court incorrectly determined this issue and erroneously directed repayment to plaintiffs of their pension fund contributions.

In addition to the return of pension contributions, plaintiffs claim that they are entitled to terminal vacation pay as provided for in the Philadelphia Civil Service Regulations.[12] Again the City contends that plaintiffs are not entitled to such payment because of their alleged misconduct in office. Unless there is a clear duty incumbent upon the City officers to pay this amount, notwithstanding the claim of the City, mandamus would not be proper.

In effect, plaintiffs claim unpaid wages due from the City despite any misconduct on their part while employees of the City.[13] Our cases have held that when

---

[12] See note 2, supra.

[13] By making a motion for judgment on the pleadings, plaintiffs admit the truth of the City's pleadings and thereby concede,

an employer suffers loss due to the failure of an employee to render faithful service, the employer is entitled to set up that loss as a pro tanto defense to the employee's claim for salary. See *Glennon v. Lebanon Mfg. Co.,* 140 Pa. 594, 21 Atl. 429 (1891); *Kinney v. Mahoning,* 13 Pa. Superior Ct. 573 (1900). Therefore, at the very least, plaintiffs' claims in this case to terminal vacation pay and defendants' duty to pay such compensation are not clear. This is sufficient reason to deny mandamus and leave plaintiffs to their remedy in assumpsit.

However, plaintiffs' attempt to take this case out of the ordinary suit for wages under an employment contract by pointing out that the civil service regulations declare that terminal vacation pay *shall* be paid. Because of this language, plaintiffs assert that a mandatory duty is imposed upon defendants to make such payments and that it is this legal right as opposed to a contractual right which they seek to enforce.

The word "shall", however, can be interpreted as mandatory or merely directory. See *Commonwealth ex rel. Bell v. Powell,* 249 Pa. 144, 94 Atl. 746 (1915); *Damon & Foster v. Berger,* 191 Pa. Superior Ct. 165, 155 A. 2d 388 (1959). As the Superior Court pointed out in *Pleasant Hills Borough v. Carroll,* 182 Pa. Superior Ct. 102, 106, 125 A. 2d 466, 468 (1956), allocatur denied, 182 Pa. Superior Ct. xxiv: "Except when relating to the *time* of doing something, statutory provisions containing the word 'shall' are usually considered to be mandatory, but it is the intention of the legislature which governs, and this intent is to be ascertained from a consideration of the entire act, its nature, its object and the consequences that would result from construing it one way or the other."

---

at least for purposes of that motion, that they were guilty of misconduct.

Under the circumstances here presented, we will not construe the word in its mandatory sense, thereby taking from the City its right to recoup at least some of its losses incurred by reason of plaintiffs' misconduct in office. It would be incredible indeed to hold that plaintiffs are entitled to compensation for a period during which they were actively working to the detriment of their public employer or that such result was intended or would have been countenanced by City Council in adopting the civil service regulations.

Although granted by the law side of the court, mandamus is essentially equitable in nature, requiring the application of equitable principles. It is reserved only for those situations where necessary to promote the ends of justice and where the prayer of the petitioner appeals to the conscience of the court. *Taggart v. Bd. of Dir. of Canon-McMillan Jt. School Sys.*, 409 Pa. 33, 185 A. 2d 332 (1962); *Hotel Casey Co. v. Ross*, 343 Pa. 573, 23 A. 2d 737 (1942). See *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952).

In this case, plaintiffs seek to circumvent a confrontation with the City and to avoid the assertion against them of the City's claims arising out of their alleged misconduct while in office. In light of the pertinent statutory provisions, and the relevant legal rules and equitable principles, it would be singularly inappropriate for plaintiffs to be given the aid of a remedy of mandamus. Instead, plaintiffs will be left to the adequate and appropriate remedy in assumpsit and any consequences which may flow therefrom.

We agree, therefore, with the Superior Court's denial of recovery by mandamus of terminal vacation pay.

Accordingly, the order of the Superior Court affirming repayment of pension contributions is reversed. The order of the Superior Court denying terminal vacation pay is affirmed. The complaint seeking mandamus is dismissed.