Kowell Motor Vehicle Registration Case.
Commonwealth, Appellant, *v.* Kowell.

Submitted November 17, 1966.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Elmer T. Bolla,* Deputy Attorney General, and *Edward Friedman,* Attorney General, for Commonwealth, appellant.

*Bernard S. Shire,* and *Ezerski and Shire,* for appellee.

OPINION BY SPAULDING, J., March 23, 1967:

An uninsured motor vehicle owned by appellee Paul Kowell was involved in an accident on July 9, 1965. Appellee was an occupant in the car which was being driven by another. The accident, which caused damage to a second vehicle and bodily injury, was reported the following day to the Secretary of Revenue in accordance with The Pennsylvania Vehicle Code.[1] Approximately three months later, the Secretary requested appellee to deposit $1,825 by November 4, 1965 as security for any judgment entered against him as a result of the accident. This action was taken pursuant to §1404(a) of the Motor Vehicle Safety Responsibility Section of the Code.[2] Appellee failed to comply and the Secretary suspended the registration of his automobile

---

[1] Section 1217 of the Act of April 29, 1959, P. L. 58, 75 P.S. §1217 provides: "(a) The operator of any motor vehicle, involved in an accident resulting in bodily injury or death to any person or damage to the property of any one person in excess of one hundred dollars ($100.00), shall, within twenty-four (24) hours, forward a report of such accident to the department . . . ."

[2] Section 1404(a) provides: ". . . the secretary shall determine the amount of security which in his judgment shall be sufficient to satisfy any judgment or judgments that may be recovered against each operator or owner for damages resulting from such accident . . . ."

effective January 18, 1966 as provided in §1404(b).[3] The court below reversed the suspension because the Secretary did not act within sixty days after receipt of the accident report.

Section 1404(b) provides in pertinent part: "The secretary shall, within sixty (60) days after the receipt of such report of a motor vehicle accident, suspend the license of each operator and all registrations of each owner of a motor vehicle in any manner involved in such accident . . . unless such operator or owner or both shall deposit security in the sum so determined by the secretary."[4]

The sole question presented on appeal is whether "shall" in §1404(b) is directory or mandatory regarding the sixty day suspension period.

Laws should be interpreted to be consistent with the policies they were enacted to promote. *Prichard v. Willistown Township School District,* 394 Pa. 489, 147 A. 2d 380 (1959); *Allegheny County v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 100, 159 A. 2d 227 (1960). The Motor Vehicle Safety Responsibility Provisions of The Pennsylvania Vehicle Code were designed to protect highway users from unrecompensed damages by requiring uninsured operators and owners to post a bond sufficient to satisfy any resulting judgment, or face suspension of their operator's license or registration. The sixty day provision was included with the aim of insuring expeditious treatment and fundamental fairness to the parties. It was not intended that the administrative machinery would be rendered inoperative and the legislative policy frustrated because strict compliance as to time was lacking.

---

[3] Suspension of appellee's operator's license is not in issue since he was not the driver at the time of the accident.

[4] Section 1404(c) explicitly excepts an automobile owner covered by a liability policy at the time of the accident.

The only decision brought to our attention which has interpreted §1404(b) is *Commonwealth v. Isaac Holmes, Jr.*, 279 August Term, 1965 (York County), wherein the court concluded that notice of suspension given four months after the accident was valid. In so concluding, President Judge ATKINS stated: "It would certainly be an unusual requirement that would result in the forfeiture of the Secretary's right to suspend if by reason of a volume of work or any other good cause it was not possible to process the case within 60 days."

On several occasions involving other statutes, our Courts have indicated "shall" could be interpreted as mandatory or merely directory and that legislative intent should be controlling. *Francis v. Corleto*, 418 Pa. 417, 211 A. 2d 503 (1965); *Damon & Foster v. Berger*, 191 Pa. Superior Ct. 165, 155 A. 2d 388 (1959).[5] When relating to the time of doing something, "shall" has usually been considered directory. *Damon & Foster v. Berger*, supra; *Pleasant Hills Borough v. Carroll*, supra. The Supreme Court has stated: "The provisions of a statute requiring public officers to act within a specified time are generally regarded as directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory. [citing cases]." *Commonwealth ex rel. Fortney v. Wozney*, 326 Pa. 494, 497, 192 Atl. 648, 649 (1937). In *Allegheny County v. Pennsylvania Public Utility Commission*, supra, at 110, we said: "When time and manner are not the essence of the thing required to be done, the statute will be regarded as directory and proceedings under it will be held valid,

---

[5] "Whether a particular statute is mandatory or directory does not depend upon its form, but . . . upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences which would result from construing it one way or the other." *Pleasant Hills Borough v. Carroll*, 182 Pa. Superior Ct. 102, 107, 125 A. 2d 466, 469 (1956).

even though the command of the statute as to form and time has not been strictly obeyed [citing cases]."

In light of the policy and purpose of §1404(b), we hold that "shall" is directory only and compliance within a reasonable time, even though exceeding sixty days, is sufficient to maintain the Secretary's right to suspend.

In so holding, we stress our statement in *Pleasant Hills*: "To hold that a provision is directory rather than mandatory, does not mean that it is optional— to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the *effect* of non-compliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceedings to which it relates illegal and void; it is directory when the failure to follow it does not invalidate the proceedings." (Emphasis in original.) *Pleasant Hills Borough v. Carroll,* supra, at 106, 107.

The decision is reversed and the suspension by the Secretary is reinstated.

JACOBS, J., dissents.