## Commonwealth v. Howell

*John J. Collins*, for Commonwealth.

*William B. Moyer*, for defendant.

SATTERTHWAITE, P. J. (Specially Presiding), January 25, 1968.—On May 1, 1967, defendant appeared before a justice of the peace and waived a hearing on a complaint charging him with the summary offense of reckless driving in violation of section 1001 of The Vehicle Code. Bond for appearance in court was duly entered.

The justice of the peace, for unexplained reasons, if any there may have been, failed and neglected to return the case to this court until July 13, 1967, a delay of 73 days, or 58 days beyond the 15 provided for such return by The Vehicle Code. Defendant has moved to quash the return and for his discharge because of this deficiency. The application to quash also asserted an alternative objection to the proceedings, but the same is dependent upon factual considerations not presently of record, and, hence, is not within the scope of a motion to quash and cannot here be considered.

Section 1205(b) of The Vehicle Code, 75 PS §1205 (b), the statutory provision in question, authorizes

one charged with violation of any of the summary provisions of the code to waive a hearing before the justice of the peace and to give bond to secure his appearance for trial in the court of quarter sessions, and further provides:

". . . and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court".

The first question is whether this statutory language creates a mandatory and inflexible time requirement conditioning the very proceeding itself, or is merely a directory or guide type of regulation providing for the manner of conducting the same. Notwithstanding the ostensible mandate of the imperative "shall", we believe, for the considerations recently expressed by the Superior Court in a somewhat similar situation in Kowell Motor Vehicle Registration Case, 209 Pa. Superior Ct. 386 (1967), that the provision in question should be construed in this connection as directory and not mandatory. As the court therein observed, at page 389, quoting from an earlier Supreme Court opinion:

"The provisions of a statute requiring public officers to act within a specified time are generally regarded as directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory".

The essence of section 1205(b) of The Vehicle Code is the enunciation of a privilege of an accused to have his case heard before a court of record in the first instance if he so chooses, rather than by the minor judiciary. The time and manner of such hearing are only incidental and collateral aspects of this privilege, not the gist or core thereof. Accordingly, minor departures from the literal terms of the time considerations expressed, not prejudicial either to a defendant's enjoyment of the privilege so conferred or to the right of the general public to due enforcement of The

Vehicle Code rules of the road or other penal provisions, should not be the basis for a technical dismissal of such summary proceedings without a hearing on the merits.

For these and similar lines of reasoning, failure to comply exactly with the 15-day period for the return by a justice of the peace of his records in a waived hearing case under this statutory provision and its predecessors has been held not a sufficient basis for quashing the proceedings in the following reported decisions: Commonwealth v. Lawell, 6 D. & C. 290, return on the eighteenth day; Commonwealth v. Recupero, 44 D. & C. 136, return on sixteenth day; Commonwealth v. Joseph, 24 D. & C. 2d 771, return delivered to district attorney on third day, but not filed with clerk until almost five months later.

The determination that the return time fixed by the statute is directory rather than mandatory, however, does not necessarily dispose of the problem. Even directory provisions may not be ignored at will or without regard to the consequences. Cf. Kowell, supra, 209 Pa. Superior Ct., at 390. Accordingly, if an accused be prejudiced, actually or presumptively, by delay beyond the statutory period in a given case, and if no compelling justification for the delay be made to appear, defendant, in fairness, should no longer be required to defend against such summary charges not promptly prosecuted. Accordingly, the problem boils down to an analysis of the particular situation in question for the purpose of ascertaining whether or not defendant was prejudiced by the delay.

In the instant case, defendant has made no suggestion of prejudice in fact from particular circumstances, and, if he had, the question would probably be one for consideration at the hearing and not for disposition on the instant motion to quash. But we must also consider the further possibility that the belated re-

turn might have been so long delayed as to raise, as a matter of legal policy, an inference or presumption of prejudice, and, hence, ground for defendant's discharge in the absence of explanation and reasonable justification by the Commonwealth.

Such a result was reached in Commonwealth v. Angell, 42 D. & C. 2d 339 (1967), wherein the Quarter Sessions of Washington County discharged a defendant without regard to the merits where the return of the waiver of hearing before the magistrate was not made for over 17 months. Recognizing the "directory" rationale of the Lawell, Recupero and Joseph cases, supra, plus an unreported decision to the same effect in Washington County involving 42 days' delay, Judge Sweet nevertheless determined in Angell that such a prolonged delay, in the absence of explanation and some reasonable justification, raised a presumption of prejudice to defendant, even without any specific showing thereof, and warranted his discharge. For purposes of placing the burden of justification upon the Commonwealth and permitting the presumption of prejudice to arise, Judge Sweet applied as a rule of thumb the duration of a full term of court, analogizing that the 15-day requirement was a statutory approximation equivalent to the traditional concept that a magistrate in general should make return of a case wherein he has held defendant for court, to the next term thereof. We subscribe to his comments, 42 D. & C. 2d at 345-46, in this connection:

"Although the term return day now seems to have disappeared, the policy behind it should be of more than mere antiquarian legal significance. It should be a part of the liberty which our ancestors brought from England that a defendant not be bound over interminably. It is a permissible inference from the relevant history that the 15-day period provided in 75 PS §1205 (b) is a substitute for the rule that defendant is to be

bound over to the next term. This policy seems to run through the law of Pennsylvania: 19 PS §781.

"Case law tends toward diminishing the rigid formalism of an earlier day, and we have already seen hereinabove that a return a day late or a few days late or a return made to the District Attorney's office, instead of the clerk's, has been held not to require quashing the proceedings. It seems to us by the analogy to the term return day rule that if the magistrate holds the transcript longer than a full term of court, say three months, the burden shifts to the government to justify the delay. As the delay grows greater, so must the justification increase. Mere inadvertence should not authorize the retention of a citizen's bond and the slight, but actual restraint on his liberty in being bound over to the quarter sessions. A summary offense should be brought to hearing at least as fast as an indictable offense. A delay of more than a term of court is excessive and raises a presumption that defendant is prejudiced thereby".

Applying this approach in the instant case, we believe that defendant's motion to quash must be denied and refused. Since the 15-day provision is directory and not mandatory, the bare circumstance that it was not met does not ipso facto invalidate the proceedings. Nor, under the Angell rule of thumb, does any presumption of prejudice to defendant arise from the mere fact of the 58-day delay: it was entirely within the May term of this court, which began on the first Monday of May, May 1, 1967, the very date of defendant's waiver of hearing, and did not end until the second Monday of September: Rule (A) of this court, as revised on November 12, 1964, effective January 1, 1965.

ORDER

And now, January 25, 1968, for the reasons stated in the foregoing opinion, defendant's petition to quash

the return of the justice of the peace is hereby denied, refused and dismissed.

Judge Power did not participate in this decision.