Pittsburgh, et al. v. Milk Marketing Board and Greater Pittsburgh Dairy Industry Association, et al., Intervenors.

Argued October 19, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Marion K. Finkelhor,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City-County Solicitor, for plaintiffs.

*Charles M. Guthrie,* Assistant Attorney General, for defendant.

*Harold W. Swope,* with him *Daniels & Swope,* for intervenors.

210

Opinion by Judge Kramer, December 28, 1971:

This matter is within the original jurisdiction of this Court and involves the filing of preliminary objections to a Complaint in Mandamus.

On March 5, 1971, by an Opinion and Order of this Court at 1 Pa. Commonwealth Ct. 300, 275 A. 2d 115 (1971), arising out of an appeal taken from General Order No. A-762 of the Milk Marketing Board of the Commonwealth of Pennsylvania (Board) by the City of Pittsburgh et al. (City), we remanded this matter back to the Board with specific directions. This Court directed the Board to institute immediate hearings to determine whether the "net sales" statistics used by the Board included the increased prices set by the Board, effective October 15, 1969, and whether these statistics had been adjusted for the entire test year of 1969. The Board was also directed to provide for rehearings on a number of other specific major issues.

In compliance with this Court's direction, the Board gave prior notice and held a special hearing on March 30, 1971. Based upon testimony taken at that hearing, the Board, on April 16, 1971, issued its General Order No. A-766. This General Order contained, *inter alia,* a finding that proper adjustments had been made to "net sales" figures and thereafter the Board went on to reaffirm (or reestablish) the milk prices as set in the prior General Order No. A-762. The prices as set forth in General Order No. A-762 and as affirmed by the Board in General Order No. A-766, were to remain in effect while the Board was holding hearings on those other matters as required by the aforementioned opinion of this Court. No appeal was taken from the Board's General Order No. A-766.

General Order No. A-766 became effective April 26, 1971, and on that same date the present plaintiffs (City of Pittsburgh et al.) filed a Complaint in Mandamus praying for a revocation of General Orders Nos. A-762

and A-766; the reduction of the price of milk by two cents per quart; the setting of a date for rehearings on the other matters as previously ordered by this Court; and to do all other things necessary to effectuate full compliance with the Opinion and Order of this Court dated March 5, 1971.

The Milk Marketing Board was made the defendant in this new case, and the dairy dealers were permitted to intervene. On May 13, 1971, the Board filed preliminary objections, and on May 17, 1971, the intervenors did likewise.

In ruling on these preliminary objections, it is important to note that the Board has held seventeen days of hearings during the period of June 22, 1971, to September 2, 1971. At these hearings, in excess of three thousand pages of testimony and sixteen accounting exhibits were presented. The Board held a statewide hearing on the subject of the Uniform System of Accounts, and on June 15, 1971, issued an Order No. A-768, inaugurating a new Uniform System of Accounts, to become effective September 15, 1971. A review of the preliminary objections of both the defendant and the intervenors leads us to conclude that they are in the nature of a demurrer, based upon the allegations that the plaintiff had an adequate remedy at law through its right to appeal General Orders No. A-766, and that the Board had adequately carried out its responsibilities and duties.

As was stated in the case of *Francis v. Corleto*, 418 Pa. 417, 421, 211 A. 2d 503, 505 (1965) : "Mandamus is a high prerogative writ representing an extraordinary remedy which will not be granted in doubtful cases. It will issue only where there is a clear and specific legal right in plaintiff and a corresponding duty in defendant and a want of any other adequate and appropriate remedy. . . . In addition, mandamus may be

used only to compel performance of a purely ministerial or mandatory duty. . . ."

After reviewing the record in this case (and as the writer of this Court's Opinion of March 5, 1971), it is clear that the Board has adequately performed to date all of the procedural directions made by this Court. Whether or not the Board made a proper finding and conclusion by its General Order No. A-766 is not a matter before this Court in the instant proceeding. This is so inasmuch as plaintiffs did not appeal from that Order. In light of the fact that the City of Pittsburgh failed to appeal from General Order No. A-766, this Court can only assume that the City was satisfied that "net sales" had been properly adjusted in General Order A-762.

The City cites Section 801 of the Milk Marketing Law, Act of July 31, 1968, P. L. , No. 294 §40, 31 P.S. 700j-801, for the proposition that the Board was under a duty to carry out all of the directions of the March 5, 1971 Opinion and Order of this Court within 30 days. Section 801 in pertinent part reads: "Whenever an order of the board fixing prices is remitted to the board with directions to reform the findings or order in accordance with the opinion of the court, and no further appeal is taken by the board, the board shall make such reformation within thirty days from the entry of the order of the court remitting the price fixing order to the board." The City has mistakenly applied Section 801 to the March 5, 1971, directives of this Court. Section 801 obviously applies to those instances of remand wherein specific directions are given to the Board affecting matters which can be performed by a rephrasing of the Board's order, or by changing specific statistics, figures, or facts. In this case, the Board was given a remand which entailed major changes in the methods utilized by it in arriving at regulated milk prices under the Milk Marketing Law.

It was not possible for the Board to have performed all aspects of this Court's directive within thirty days of the date of the order. It would appear from the record in this case that the Board is attempting to carry out all of the directives of this Court, and we will continue in this assumption until the contrary is proven.

In view of the fact that the plaintiffs in this case filed their complaint prior to the date set by this Court for the Board's adjudication based upon the special hearing on "net sales", the filing of this complaint was premature.

At the argument hereon, we were advised that the notes of testimony on the seventeen days of rehearings have been completed and distributed. We assume that the Board will render its adjudication within a reasonable period of time after the filing of briefs by the parties. In the event the plaintiffs believe that the Board has not carried out the directives of this Court, or that the Board otherwise has violated the law, they may file a timely appeal.

We find that the Board has adequately carried out its statutory duties and has followed reasonably the directives of this Court; and in view of the fact that the plaintiffs here had and have an adequate remedy at law, the preliminary objections must be sustained and the Complaint in Mandamus must be dismissed. We therefore

### ORDER

AND Now, this 28th day of December, 1971, upon consideration of all of the pleadings, briefs and oral arguments, it is hereby ruled that the preliminary objections of the Board and the intervenors are sustained, and it is hereby ordered that the complaint praying for a writ of mandamus as filed by the plaintiffs be dismissed.