EMIL JOHN SPECK, PLAINTIFF, v.
LILLIAN O. SPECK, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 28, 1972.

*Mr. David Jerchower* for plaintiff (*Messrs. Jerchower and Fruchter,* attorneys).

CONSODINE, J. C. C. (temporarily assigned). Plaintiff seeks divorce on the ground of separation. *N. J. S.* 2A:34–2 (d). The case is uncontested.

By way of corroboration as to an essential of that provision—that the parties have lived separate and apart in different habitations for at least 18 or more consecutive months —plaintiff offers the testimony of a neighbor who has never met and never seen defendant.

Corroboration, as we knew it prior to *L.* 1971, *c.* 212, is equally necessary to the grounds of divorce created by that amendment.

In *Bolmer v. Edsall,* 90 *N. J. Eq.* 299 (Ch. 1919) Chancellor Walker stated:

> * * * There are three essentially requisite things in a divorce suit necessary to be corroborated * * * First, marriage; second, residence; and, third, cause of action. [at 305]
>
> * * * * * * * *
>
> On this subject of corroboration, especially as it relates to the cause of action in this case, it may be helpful to observe that corroboration, in order that a divorce may be decreed, need not be testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only such facts and circumstances as will make the testimony believable * * *. And corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established * * *. [at 311]

See also 12 *N. J. Prac.* § 2271 at 446, *Orens v. Orens,* 88 *N. J. Eq.* 29 (Ch. 1917); *Budrick v. Budrick,* 6 *N. J. Super.* 247, 249 (App. Div. 1950); *Streader v. Streader,* 18 *N. J. Super.* 433 (App. Div. 1952); *Gilbert v. Gilbert,* 24 *N. J. Super.* 473, 481 (Ch. Div. 1953).

Necessarily corroborating testimony here would be opinion predicated on a knowledge of surrounding circumstances.

In the instant case the corroborating witness offered only what the plaintiff had told her. That is not corroborating testimony of this cause of action.

> * * * In this posture (plaintiff) may have liberty to take further testimony, or may dismiss this [complaint] without prejudice, as he may be advised. [*Bolmer v. Edsall, supra,* 90 N. J. Eq. at 312]