## Babcoe v. Rice

*Robert Russell,* of *Northwestern Legal Services,* for plaintiffs.
*William R. Mervine,* for Warren County.
*Joseph E. Altomare,* for Forest County.

WOLFE, *P.J.*, January 31, 1980—This action in mandamus is brought by 12 individuals to compel defendants, the County Commissioners of Warren and Forest Counties, to provide them with the training and rehabilitation services of the Mental Health and Mental Retardation Act of October 20, 1966, P.L. (Sp. Sess.) 96, 50 P.S. §4101 et seq.

By stipulation the parties have agreed that plaintiffs are all eligible candidates under the act and in need of training and rehabilitation employment to improve their level of functioning.

Defendants have recognized their responsibility and have under the act retained A.R.C. Enterprises, a private enterprise to supply the Mental Health and Mental Retardation Program for those eligible within the respective counties.

On or about December 10, 1979, defendants terminated 12 vocational education slots from the A.R.C. workshop program for the reason there existed insufficient funds to meaningfully implement the act towards the stabilization of plaintiffs to maintain their community functionability. This termination was preceded by an application under date of December 7, 1979, to the Secretary of Public Welfare requesting defendants be relieved in certain areas of mental health and mental retardation by reason of lack of money which area included plaintiffs here. No response was received from the Department of Welfare and therefore no agreement has been reached between the department and defendants.

The thrust of defendants' argument is under section 509(5), 50 P.S. §4509(5), they are relieved from providing full services to plaintiffs. This position is based on the argument defendants submitted an appropriate budget to the Commonwealth for full

services which was twice rejected as excessive and which in turn caused defendants to revise their original budget which caused the A.R.C. Enterprises' budget to be reduced from $150,703 to $90,085. Defendants complain by reason of the default of the Commonwealth, Department of Public Welfare, to allocate a sufficient 90 percent state funding to provide services to all eligibles within the Warren-Forest County area the cuts were necessary. In this regard the county did delete 12 vocational educational slots from the A.R.C. Enterprise program which precipitated this action.

Defendants point to section 509(5) for relief which provides:

"In the event that sufficient funds to pay the full amount of the grants to which the counties may be entitled under the provisions of this section have not been appropriated, to distribute State funds among the counties by a formula reasonably designed to achieve the objectives of this act, provided however, that in such event the counties' financial obligation of this act shall be reduced in accordance with the same formula and the counties shall be required to provide only those services for which sufficient funds are available."

We disagree with defendants' argument this permits them to eliminate the ongoing workshop for plaintiffs. Reference must be made to section 508 of the act which authorizes the counties to be relieved from their obligation for a period of one year but only after approval by the Department of Welfare in which event the department in turn may insure the availability of the services. Here, although an application was filed there has been no approval of it by the department nor in our opinion

could there be under these circumstances. Section 509(5) is very clear in its mandates in that the counties that have insufficient financial resources must nonetheless supply the services but with the same formula used by the state in its distribution to other counties. Here, the counties have in good faith, but nonetheless arbitrarily, simply by the use of no formula that we can discern, eliminated the workshops for plaintiffs. The relief sections do not permit this nor is there any fair inference from the reading of this language that would permit it.

In our view the initial onus of supplying the services is with the counties with appropriate fiscal aid from the Department of Welfare. Section 509 mandates the department to make annual grants to counties to defray part of the costs of the program in the amount of 90 percent of the excess of such approved expenditures for such programs over the amount paid for the same purposes from any public or private source directly to participating counties. Defendants further complain the allocation made to them as against the larger counties is inappropriate in that the larger counties receive more dollars per individual allocation than defendants. This may be so but this does not relieve defendants from their obligation nor is it a dispute before us to resolve.

In short, we conclude defendants are not relieved from their obligation because the Department of Welfare did not agree to defendants' submitted budget and supply 90 percent thereof. The act is clear in the event any county is of the opinion it cannot appropriately provide the services it must reach an agreement with the department for this relief. That is so because the act makes it clear if counties are relieved then the department has the

obligation to insure the services. This merely underscores that the act is mandatory initially with defendants to supply the services with fiscal assistance from the department.

It is now hornbook law as stated in Francis v. Corleto, 418 Pa. 417, 421, 211 A. 2d 503 (1965), which again cited the familiar rule concerning the writ of mandamus:

"Mandamus is a high prerogative writ representing an extraordinary remedy which will not be granted in doubtful cases [but] will issue only where there is a clear and specific legal right in plaintiff and a corresponding duty in defendant and a want of any other adequate and appropriate remedy."

Here, plaintiffs do not have any other adequate remedy for the relief to which they seek and there is no question the duty is on the county to supply that relief and plaintiffs have a specific legal right to it.

For these reasons we enter the following

## ORDER

And now, January 31, 1980, the writ of mandamus is issued in favor of plaintiffs and against defendants.

Defendants, Warren and Forest Counties, are ordered to forthwith reinstate plaintiffs in the A.R.C. Enterprises vocational education program and shall comply with the provisions of section 301, Article III of the Mental Health and Mental Retardation Act of 1966.

Costs to be paid by defendants.

The parties are granted ten days after filing of the within order to file exceptions thereto pursuant to Pa.R.C.P. 1099 and 1038(d).