In Re: April 10, 1984 Election of East Whiteland Township, Chester County, Pennsylvania, Election District Sixth Precinct. Alexander W. Clark, Jr. et al., Appellants.

Argued September 14, 1984, before Judges DOYLE, COLINS and BLATT, sitting as a panel of three.

*Carole J. Wildoner*, with her, *Jeffrey P. Lewis*, for appellants.

*John Wm. Schreck*, with him, *Joseph E. Brion* and *John Halstead*, for appellee, Florence D. Hunt.

OPINION BY JUDGE DOYLE, October 29, 1984:

Appellants[1] appeal from the order of the Chester County Court of Common Pleas which denied their Petition for Recount under Section 1701 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §3261.

The matter before us concerns the primary election held in East Whiteland Township, Chester County on April 10, 1984, in which there was a tie vote for the position of Republican female committee member for the sixth precinct. The two contestants, Helen Clark and Florence Hunt, settled the tie with a coin toss in which Hunt prevailed. It was established, however, that the Chester County Board of Elections (Board) had not counted[2] the absentee ballots which were re-

---

[1] Alexander W. Clark, Jr., Kenneth S. Halpern and John A. Umberger.

[2] The ballot was, however, because of federal law, counted toward the contests in the Presidential primary, Senatorial primary, and United States Representatives' primary, and toward the delegates to the Republican National Convention. *See, infra,* footnote 5.

ceived after Friday, April 6, 1984, pursuant to Section 1308(a) of the Code,[3] which states in pertinent part:

No absentee ballot shall be counted which is received in the office of the county board of election later than five o'clock P.M. on the Friday immediately preceding the primary or November election.

Under this Section, the absentee ballot of Appellant Alexander W. Clark, Jr., which was mailed on Wednesday, April 4, but not received by the Board until Monday, April 9, was not counted toward the committee member's race.

Appellants petitioned the Court of Common Pleas, requesting a recount to include Appellant Clark's absentee ballot, together with two other absentee ballots which were received by the Board after the Friday, April 6 deadline, but before the date of the election. Appellants' petition was denied by the trial court's opinion and order of June 8, 1984, and this appeal followed.

Before this Court Appellants argue that the trial court erred in interpreting the term "shall" appearing in Section 1308(a) of the Code as mandatory rather than directory. While the word "shall" may be interpreted as either mandatory or directory, it will usually be considered as mandatory, unless it refers to the time within which a public official must act. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965); *Delaware County v. Department of Public Welfare,* 34 Pa. Commonwealth Ct. 165, 383 A.2d 240 (1978); *Kowell Motor Vehicle Registration Case,* 209 Pa. Superior Ct. 386, 228 A.2d 50 (1967). The controlling factor in each case is the intention of the legislature, which "is to be ascertained from a consideration

---

[3] Added by Section 11 of the Act of March 6, 1951, P.L. 3 *as amended,* 25 P.S. §3146.8(a).

of the entire act, its nature, its object and the consequences that would result from construing it one way or the other." *Francis*, 418 Pa. at 428, 211 A.2d at 509, *quoting Pleasant Hills Borough v. Carroll*, 182 Pa. Superior Ct. 102, 106, 125 A.2d 466, 468 (1956). A consideration of the language of Section 1308(a), as well as the nature and object of the entire Code, leads us to the inescapable conclusion that the term "shall" as used in this Section is intended to be mandatory in nature.

The Code sets forth various time requirements for the completion of balloting, the strict enforcement of which is necessary to ensure the fair and orderly administration of elections. Appellants do not dispute the necessity of such deadlines, but rather argue that the mandatory deadline for absentee balloting should be the same as that which applies to voting in person. This argument, however, questions not the construction of Section 1308(a), but rather the wisdom of the Code itself, a matter not properly reviewable by this Court. In addition, we are not persuaded by Appellants' argument that Section 1308(a) should be considered directory because it refers to a time within which an official must act. The pertinent language of the Section does not specify the time within which the Board must *count* the absentee ballots; instead it specifies *which* absentee ballots the Board must count.

Appellants also argue that Section 1308(a) must be construed as directory in order for it to be consistent with Section 1306(a) of the Code,[4] which allows an absentee voter to *complete* his ballot within the same time period as the ballot is to be *received* by the Board under Section 1308(a). Appellants' argument that a ballot could not be completed by the voter and

---

[4] Added by Section 11 of the Act of March 6, 1951, P.L. 3, *as amended*, 25 P.S. §3146.6(a).

received by the Board at the same time ignores the language in Section 1306(a) which allows submission of the ballot to the Board *in person* as well as by mail. Thus, we can find no inconsistency between the provisions of these two Sections.

Appellants next argue that the Board itself does not consider Section 1308(a) as mandatory, because it counted Appellant Clark's ballot toward contests for federal offices. While we note that the Board's own characterization of Section 1308(a) would not, in any event, be determinative upon this Court, it is clear that the Board did not disregard the mandatory nature of this Section, but applied it in view of federal law which establishes a different set of rules for absentee ballots in federal elections.[5] The fact that Section 1308(a) has been superseded by federal law with regard to federal contests does not alter its mandatory nature with regard to state contests.

Finally, Appellants argue that Section 1308(a) should be interpreted as directory pursuant to the general rule that the Election Code is to be liberally construed in order to save every possible ballot. *Absentee Ballots Case (No. 1)*, 431 Pa. 165, 245 A.2d 258 (1968); *Norwood Election Contest Case*, 382 Pa. 547, 116 A.2d 552 (1955). While it is true that a defect which is minor or technical in nature will not void an otherwise valid ballot, violations of substantive provisions of the Code cannot be overlooked on the pretext of pursuing a liberal construction. *See Trusio Election Case* (No. 370 C.D. 1980, filed March 20, 1980). Appellant has cited cases involving ballots which were allowed despite technical defects in the manner in which they were completed. The matter before us, however, involves no technical defect on the face of the ballot, but

---

[5] *See* 42 U.S.C. §1973aa-1(d) (1982). *See also Federal Voting Rights Act Amendments of 1970*, 58 D. & C. 2d 504 (1972).

rather the lack of timeliness of the ballot itself. Such non-compliance constitutes a substantive violation of the Code, and the Board was correct in refusing to count the ballot toward the committee member election.

Accordingly, we affirm the opinion and order of the Court of Common Pleas of Chester County which denied Appellants' Petition for Recount.

ORDER

Now, October 29, 1984, the order of the Court of Common Pleas of Chester County, Docket No. 84-02985, dated June 8, 1984, is hereby affirmed.

Judge PALLADINO did not participate in this decision.