**Local 736 International Association of Firefighters v. City of Williamsport**

*Sidney A. Simon,* for plaintiff.
*John P. Campana,* for defendants.

GRÉEVY, P. J., and WOOD, J., May 15, 1969.— This is a complaint in mandamus in which the Local 736 International Association of Firefighters, an unincorporated association, by Raymond L. Danneker, President and Trustee ad litem, plaintiff, hereinafter known as "firemen," seek "judgment against the defendants: Richard J. Carey, Mayor of the City of Williamsport, T. F. Meconi, John G. Good, William L. Paynter, and William F. Verdini, Councilmen of the City of Williamsport, hereinafter referred to as 'City,' commanding them to forthwith designate an individual to serve on the arbitration panel."

The material facts are these:

On June 28, 1968, the firemen wrote the city that they were desirous of commencing collective bargaining sessions. There followed a series of written and oral communiques between the firemen and the city. Collective bargaining sessions were never begun.

On September 16, 1968, the city notified the firemen that they would not bargain as the time fixed by statute for appointing arbitrators had passed.

On September 17, 1968, the firemen requested the matter be submitted to binding arbitration.

On October 2, 1968, the present action was filed.

The matter is now before the court on preliminary objections filed by the city under Pennsylvania Rule of Civil Procedure 1017(b), first, in the nature of a demurrer, and second, a petition raising the defense of lack of capacity to sue.

The Act no. 111 of June 24, 1968, P. L. —, 43 PS §217.1-217.10, specifically authorizes collective bargaining between firemen and their public employer, and provides for binding arbitration in the event of an impasse and stalemate. Section 3, regulating the time to begin bargaining and request arbitration, is as follows:

"Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision . . . and any request for arbitration . . . shall be made at least 110 days before the start of said fiscal year."

The city operates on a calendar year basis. Thus September 13, 1968, was the latest date that the firemen could request arbitration. The city contends that the word "shall" dictates that the 110-day proviso be construed as mandatory, whereas the firemen contend that it is merely directory.

In order to determine what meaning will attach to the word "shall" it is axiomatic that the intention and purpose of the legislature be ascertained. See Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102; Kowell Motor Vehicle Registration Case, 209 Pa. Superior Ct. 386; Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County, 417 Pa. 299.

The 110-day requirement of the act obviously was intended to insure that the city would be able to ac-

curately prepare its financial affairs for the coming year. This serves to enable the city to run smoothly, effectively and efficiently, and at the same time provides a means by which the firemen can obtain the benefits of bargaining.

The relief of mandamus which the firemen now seek is basically equitable in nature and as such is "reserved only for those situations where necessary to promote the ends of justice and where the prayer of the petitioner appeals to the conscience of the court": Francis v. Corleto, 418 Pa. 417. The relief sought by the firemen appeals to the conscience of the court. However, the confusion and burden which would be placed upon the city if the relief sought were granted has a similar appeal. Both must be heeded, as neither the firemen nor the city acted in bad faith.

A study of the statute indicates that a mandatory meaning was intended by the legislature, i.e., that time is of the essence of the thing to be done.

The request for arbitration not having been within the 110-day period, the relief prayed for will not be granted.

The firemen can now request that the city go into collective bargaining sessions and can make a timely request for compulsory arbitration if the sessions are not fruitful.

In view of the above we need not discuss the second preliminary objection of the city.

We make the following

## ORDER

And now, May 15, 1969, defendants' preliminary objection is sustained, the complaint is dismissed, and judgment is hereby entered in favor of defendants.