Plymouth Township Police Department *v.* Plymouth Township Commissioners, Appellant.

Argued October 6, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*Arthur Lefkoe,* with him, of counsel, *Wisler,
Pearlstine, Talone, Craig & Garrity,* for appellants.

No appearance for appellee.

OPINION BY JUDGE ROGERS, November 12, 1976:

In this appeal from the Court of Common Pleas of
Montgomery County, the sole question raised is wheth-
er the timetable provisions for binding arbitration
under the Act of June 24, 1968, P.L. 237, *as amended,*
43 P.S. §217.1 et seq. (commonly referred to as Act
111) may be waived by the conduct of the parties in-
volved. Section 3 of Act 111, 43 P.S. §217.3 provides
that collective bargaining shall begin at least six
months before the start of the fiscal year of political
subdivision, and that any request for arbitration shall
be made at least 110 days before the start of the said
fiscal year.

Here, the lower court found that the appellee,
Plymouth Township Police Department (Police), had

timely notified the appellant, Plymouth Township Council (Township), by letter dated June 25, 1974 that it desired to negotiate a new collective bargaining agreement for the coming year. The record shows, however, that the letter told the Township only that the author-lawyer represented the Police, that the Police wanted to negotiate a contract for 1975 and that the writer would call later to arrange a meeting at which the Police demands would be presented. In fact these demands were made by mail, sent to the Township on August 30, 1974. A short meeting was held on September 19, 1974. On September 27, 1974, counsel for the Police called the Township manager to request another meeting. No meeting date was ever agreed upon. On October 1, 1974, counsel for the Police wrote to the Township making demand for arbitration. The Township refused because the demand was made after the expiration of the September 12, 1974 time limit for such a request established by Section 3 of Act 111.

This equity action of the Police seeks the courts to compel the Township to accede to the demand for arbitration. The court below, reasoning that Section 3 of Act 111 is not mandatory, but directory only, concluded that the Township, by its prior conduct and the actions of its agents, had waived its right to insist upon compliance with the timetable provision of the Act and the court ordered the Township to proceed to arbitration.

In *Local 736, Firefighters v. Williamsport*, 47 Pa. D. & C. 2d 317 (1969), recently expressly approved by our Supreme Court,[1] it was held that the time requirements of Act 111 are mandatory. In *Williamsport, supra*, the court dismissed a complaint in mandamus against city officials seeking an order that the

---

[1] *International Association of Firefighters v. City of Johnstown*, Pa.    , 360 A.2d 197 (1976).

city submit to binding arbitration because the union had neither requested arbitration before the time period of Section 3 had elapsed, nor bargained prior to the expiration of time for requesting arbitration.

The *Williamsport* decision is dispositive of the issue raised in the present appeal. The lower court found that the Police did not make a demand for binding arbitration until October 1, 1974, 18 days after expiration of the 110 day requirement of Act 111. In addition, it is clear that collective bargaining between the Police and Township was not begun until September 19, 1974. Therefore, we reverse the lower court's order directing the Township to submit to binding arbitration and enter the following:

ORDER

AND Now, this 12th day of November, 1976, it is ordered that the final order and decree of the Court of Common Pleas of Montgomery County dated January 5 ,1976 be and is hereby reversed.

President Judge BOWMAN concurs in the result only.