Commonwealth ex rel. Duff, Attorney General, *v.* Eichmann et al., Appellants.

Argued November 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert Tower Potts,* for appellant.

*Henry L. Shepard,* Assistant Deputy Attorney General, with him *Paul P. Wisler,* Assistant Deputy Attorney General, *James H. Duff,* Attorney General, and *Henry M. Bruner,* Chief Counsel, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1946:

Appellant, surety on a bond, seeks to escape liability thereunder because the bond did not accompany the application for renewal of a milk dealer's license under the Milk Control Law of 1937.

Russell C. and David N. Eichmann, trading as "Thomas Dairies," presented an application dated April

15, 1942, to the Milk Control Commission for the renewal of their milk dealer's license for the year May 1, 1942, to April 30, 1943, under the provisions of the Milk Control Law of April 28, 1937, P. L. 417, as amended by the Act of July 24, 1941, P. L. 443, 31 PS section 700 j—101, et seq. This application was filed on May 8, 1942. On June 18, 1942, a bond was filed with the Commission in the amount of $1,175.71, signed by the applicants, as principals, and William E. Gerstlauer, as surety. The bond was dated June 11, 1942. It was returned for certain information, and was then refiled with the Commission on July 28, 1942.

In October, 1942, a citation was issued by the Commission, directed to the applicants, with notice to the surety, to show cause why the Commission should not refuse to grant a license for the year in question. The citation was issued, *inter alia,* for delinquent payments to producers in the amount of $5090.80, covering a period from June 1, 1942 to August 31, 1942. A hearing was held on November 12, 1942. On December 2, 1942, the Commission filed findings of fact and issued an order directing the Eichmanns to pay the Commission the sum of $5,090.80. The order also revoked the Eichmanns' right to apply for a license for the period in question. The amount owed was never paid, the Eichmanns having gone into bankruptcy about September 1, 1942. Certified copies of the findings of fact and order were sent by registered mail to the Eichmanns and to the surety, and received by the latter on December 4, 1942. On January 14, 1943, the surety petitioned the Commission for a rehearing; this was refused because the statutory period for an appeal had elapsed. On February 2, 1943, the Commission entered judgment on the bond. The surety filed a petition to open the judgment on December 20, 1943, and the court below granted a rule. After depositions were taken and argument had before the court in banc, the rule was discharged. This appeal by the surety followed.

Section 403 of the Milk Control Law, supra, 31 PS section 700 j — 403, states: "An application for a license to operate as a milk dealer or handler shall be completed and filed by the dealer or handler with the commission . . . . annually . . . on or before April fifteenth, by mail or otherwise, upon a form prescribed by the commission. Such application shall be accompanied by . . . a bond when so required by this act, in order to be complete. The license year shall commence May first and shall end April thirtieth following." It is further stated in section 503, 31 PS section 700 j—503: "The bond herein required shall be filed with the dealer's or handler's application for a license, and shall be filed within the time for filing such application."

Appellant contends that it is *mandatory* that the bond accompany the application. He argues that failure to file the corrected bond until July 28, 1942, rendered both the application and the bond invalid, thereby discharging the surety. We are of opinion that the above provisions of the Milk Control Law are merely *directory*. "If . . . it appears that by construing the language of the act . . . as mandatory, the purpose of the act would be so seriously impaired as to amount to a defeat in purpose; while, on the other hand, if construing it as simply directory its efficiency is preserved, the latter construction is to prevail": *McQuiston's Adoption,* 238 Pa. 304, 309, 86 A. 205. " 'When a statute directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done' : Coolbaugh v. Herman, 221 Pa. 496; and see Cowan's Est., 184 Pa. 339": *Deibert v. Rhodes,* 291 Pa. 550, 554, 140 A. 515. The primary object of the provisions of the Milk Control Law relating to the bond is to protect the milk producers. See *Com. ex. rel. Margiotti v. Ortwein,* 132 Pa.

Superior Ct. 166, 173, 200 A. 859. To construe such provisions as mandatory would deprive the producers of the protection of the bond on which they relied and would clearly defeat the purpose of the Act. It is obvious that the time when the bond is filed is not of the essence of the thing required to be done.

We further agree with the learned court below in holding appellant's position untenable because of his waiver of the provisions of the Act. The bond was dated June 11, 1942, and appellant admitted he knew that it was not filed until long after April 15, 1942. He cannot now object to the receiving of the bond by the commission when he himself voluntarily offered it as surety.

It is not denied that the liabilities were incurred during the period for which a license was sought. Section 503, supra, states: "The bond shall become effective upon its being filed with the commission for the entire license year, or for that part of the license year in which the milk dealer or handler became engaged in the milk business. Any bond filed with the commission shall become effective upon being filed, whether or not it is approved by the commission, and shall no longer be of effect during the license year only when it has been replaced by a bond approved by the commission to be substituted therefor. The bond herein required shall be an obligation independent of the granting of a license and shall remain in full force and effect for and during the license year designated, as long as the dealer or handler purchases or receives milk from producers or is indebted to pay producers for any milk delivered during said license year, whether or not a license is granted the milk dealer or handler or a license granted the milk dealer or handler remains in force." It may thus be seen that the bond is a separate and distinct obligation and is effective even though no license was issued.

Order affirmed; costs to be paid by appellant.