Speers Borough School District *v.* Commonwealth of Pennsylvania, Appellant.

Argued September 26, 1955. Before STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Ralph W. Peacock,* with him *Phil H. Lewis,* Deputy Attorney General and *Herbert B. Cohen,* Attorney General, for appellant.

*Jay W. Troutman,* with him *August L. Sismondo,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 14, 1955:

The Commonwealth appeals from the judgment of the court below dismissing its appeal from the award of viewers, and directing entry of judgment against it

for damages resulting from the taking of the School District's land for highway slope purposes.

The land was taken under authority of the State Highway Law of 1945, P. L. 1242, 36 PS §670-101, -301, -303, -304, which provides, inter alia: "Before the department [of highways] shall undertake the construction . . . or improvement of any State highway, wherein a change of width or of existing lines . . . is necessary, and damage is likely to result to abutting property, it shall notify the county commissioners . . . Whenever the county commissioners do not consent to or approve of any such change . . . [the secretary of highways] shall, when possible, enter into an agreement with the *owner or owners* of said property . . . If such agreement cannot be made, the *owner or owners* . . . may present their . . . petition to the court . . . for the appointment of viewers to ascertain and assess such damages . . . The damages, when ascertained, shall be *paid by the Commonwealth* . . ." (Italics supplied). In the instant case, the commissioners did not agree to the change.

The Commonwealth contends that it is under a duty to compensate only for private property so taken; that the school district is merely an agency of the state holding its property in a public or governmental capacity, and as such may receive compensation only as a matter of grace and not of right; and that the Act did not grant such right to it. That is, since the Legislature in the Act did not "spell out" the school district's right to compensation, it intended a taking of school property without the duty of payment therefor.

Constitutional prohibitions against the taking of property without compensation apply only to privately owned property: Article I, Section 10 of the Constitution of Pennsylvania. Therefore it has always been held that the Commonwealth may take property of a

political subdivision or agency without payment therefor (*Chester County Institution District v. Commonwealth*, 341 Pa. 49, 57, 17 A. 2d 212), the right to compensation in such cases being only a matter of grace or allowance by the Legislature.

In the interpretation of the words "owner or owners" in the Act, certain well-established principles are applicable. We have repeatedly held that, as provided in Sections 51 and 52 of the Statutory Construction Act of 1937, P. L. 1019, 46 PS §§551, 552, "the object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature," (*Commonwealth v. Emerick*, 373 Pa. 388, 390, 96 A. 2d 370) ; and "in ascertaining the intention of the Legislature . . . the courts may be guided by the . . . presumption(s) . . . that the Legislature does not intend a result that is absurd, impossible of execution or unreasonable . . ." (*Altieri v. Allentown Officers' and Employees' Retirement Board*, 368 Pa. 176, 182, 81 A. 2d 884). In addition, §33 of the Act, 46 PS §533, provides that "words and phrases shall be construed *according to their common and approved usage.*" (*Otto Milk Company v. Washington City*, 363 Pa. 243, 249, 69 A. 2d 399.) (Italics supplied).

It is to be noted at the outset that Section 703 of the School Code, 24 PS §7-703, provides that lands may be acquired by school districts and title thereto may vest in the district in fee simple. Thus it cannot be questioned that this School District is the "owner . . . of said property damaged" by the taking for highway purposes.

The Act of 1945, supra, does not contain any provision specifically declaring that compensation shall be paid only to private owners of property, nor does it anywhere limit the meaning of "owner or owners." It grants the right to *all* owners, without distinction

or exception. The school district satisfies all of the requirements of status as "owner," according to its "common and approved usage," and must be compensated for its loss. To hold otherwise would lead to a highly absurd and, to the district, costly results. We cannot believe, for example, that school buildings costing many thousands of dollars can be destroyed for highway purposes and yet the Legislature not have intended that the loss be paid to the district. The Act imposed upon the Commonwealth liability for payment to all owners, including this school district.

With the affirmance of the judgment of the court below, it is unnecessary to consider the question of whether the Commonwealth properly perfected its appeal from the viewers' award.

Judgment affirmed.