Prichard *v.* Willistown Township School District, Appellant.

Argued November 24, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*John O. Platt, Jr.*, with him *P. Richard Klein*, and *MacElree, Platt & Marrone*, for appellant.

*Norman M. Brown*, with him *Takiff & Bolger*, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 5, 1959:

This appeal involves the constitutionality of Section 677.1 of the School Code of 1949[1] which provides for the reassessment of property after the regular assessment period has passed.

In April 1955, Edwin C. Prichard (appellee) acquired title to certain unimproved lots of land situated in Willistown Township, Chester County, Pa., a fourth class county. In December 1955, appellee began the

---

[1] Act of March 10, 1949, P. L. 30, art. VI, §677.1, added 1951, Jan. 14 (1952), P. L. 1944, §1, 24 PS §6-677.1.

construction of a residential building on each of four of said lots, all of which buildings were substantially completed on June 1, 1956. On that date the district assessor, at the request of the School Board of Willistown Township, a fourth class school district, and, pursuant to §677.1 of the 1949 School Code, inspected and reassessed the said lots and buildings erected thereon. On July 2, 1956 Prichard was mailed a notice of school tax for the 1956 school year covering ten lots (including those presently involved), based upon the assessment of bare ground shown by the tax duplicate of the preceding fall. A total of 18.63 acres of land was assessed at $3,384 for a total tax of $87.98. In July 1956, a second notice for the ten lots was mailed to appellee, also covering the 1956 school tax, but based upon the reassessment of June 1, 1956. In terms of building lots the land was reassessed at $8,000 and the improvements at $57,000 for a total tax of $1690. Appellee, upon receipt of this second notice, paid the tax of $87.98 shown by the first notice.

In connection with the sale of some of the ten lots and buildings thereon constructed by appellee, separate tax bills were requested for each of said lots and buildings dated as of July 2, 1956. At that time, appellee having previously paid a tax of $87.98 for the bare ground assessment of $3,384 contained in the erroneous first notice, the individual notices were "corrected" to show reassessment of buildings only, at $5700 each, and a tax on each, at 26 mills, of $148.20.

On April 26, 1957 appellee mailed a statement of intention to appeal. On April 30, 1957 he filed a petition for a declaratory judgment wherein he requested that the court determine the validity of Section 677.1 of the 1949 School Code. President Judge HARVEY of the Court of Common Pleas of Chester County entered a judgment for appellee finding that Section 677.1 of the

1949 School Code was unconstitutional and that the
reassessment of appellee's properties was invalid.  The
School District of Willistown Township has appealed
from that judgment.

Section 677.1 of the School Code of 1949, supra,
reads as follows: "Whenever in . . . . fourth class school
districts there is any construction of a building or build-
ings after September first of any year and such build-
ing is not included in the tax duplicate of the school
district, the authority responsible for assessments in
the city, borough, township or county shall, upon the
request of the board of school directors, direct the as-
sessor in the district to inspect and reassess, subject
to the right of appeal and adjustment provided by the
act of Assembly under which assessments are made, all
taxable property in the district to which major improve-
ments have been made after September first, and to give
notice of such reassessments within ten days to the au-
thority responsible for assessments, the school district
and the property owner.  Such property shall then be
added to the duplicate, and shall be taxable for school
purposes at the reassessed valuation for that propor-
tionate part of the fiscal year of the school district re-
maining after the property was improved.  Any im-
provement made during the month shall be computed
as having been made on the first of the month.  A cer-
tified copy of the additions or revisions to the dupli-
cate shall be furnished by the board of school directors
to the tax collector for the district, and within ten days
thereafter the tax collector shall notify the owner of
the property of the taxes due the school district."

In the court below appellee attacked the validity
of this section on the following grounds: (1) that un-
der this section a taxpayer is without a right of appeal;
(2) that the said section provides for an assessment but
not for a levy and both a levy and an assessment are

essential elements of valid taxation; (3) that this section is vague, indefinite and ambiguous; (4) that this section is discriminatory in that it provides that "Any improvement made during the month shall be computed as having been made on the first day of the month." The court below held the statute invalid on two grounds: *first,* because it provided no right of appeal to a taxpayer from the reassessment and, *second,* that its provisions were so vague, indefinite and ambiguous as to preclude plain application.

In passing upon the validity of this statutory provision we are bound by certain well-established legal principles: (1) "Nothing but a clear violation of the Constitution will justify the judiciary in nullifying a legislative enactment. Every presumption must be indulged in its favor, and one who claims an Act is unconstitutional has a very heavy burden of proof [citing cases] :" *Loomis v. Philadelphia School District Board,* 376 Pa. 428, 431, 103 A. 2d 769; *Com. of Pa. Water & Power Resources Board v. Green Spring Company,* 394 Pa. 1, 6, 145 A. 2d 178; (2) an Act of Assembly should not be declared invalid, unless there is a clear, palpable and plain violation of the Constitution: *Sharpless et al. v. The Mayor, etc. of Philadelphia,* 21 Pa. 147, 164; *Tranter v. Allegheny Co. Authority et al.,* 316 Pa. 65, 75, 173 A. 289; *Sablosky v. Messner,* 372 Pa. 47, 59, 92 A. 2d 411; (3) "Where the meaning of an act is doubtful, and two constructions are reasonably possible, one of which will render the act constitutional and the other unconstitutional, the courts should adopt a construction which renders the statute constitutional [citing cases] :" *Evans v. West Norriton Township Municipal Authority,* 370 Pa. 150, 158, 87 A. 2d 474.

Appellant argues that Section 677.1 of the School Code does provide a right of appeal to any taxpayer

whose property has been reassessed and that any reassessment made after September 1, of any year is "subject to the right of appeal and adjustment provided by the Act of Assembly under which assessments are made." Undoubtedly the "Act of Assembly" to which the statute refers is the "Fourth to Eighth Class County Assessment Act",[2] of which the pertinent portion is "(a) Upon receipt of the assessment roll from the assessor, or as soon thereafter as possible and *not later than the fifteenth day of August,* the board shall examine and inquire whether the assessments and valuations have been made in conformity with the provisions of this act, and shall revise the same, increasing or decreasing the assessments and valuations as in their judgment may seem proper, and shall add thereto such property or subjects of taxation as may have been omitted. It shall *within five days after completing said examination and revision* cause to be mailed or delivered to each owner of property or person assessed, the value of whose property or personal assessment has been changed from that fixed in the preceding assessment roll as corrected after revision at his last known address, a notice of such change and the amount of such new assessment. Said notice shall state that any person aggrieved by such change or by any assessment, may appeal to the board for relief by filing with the board *on or before the first day of September,* a statement in writing of such intention to appeal, designating the assessment or assessments by which such person is aggrieved, and the address to which notice of when and where to appear for hearing of the appeal shall be mailed. (b) Any person aggrieved by any assessment may appeal to the board for relief. Any person desiring to make an appeal shall, *on or before the*

---

[2] Act of May 21, 1943, P. L. 571, Art. VII, §701, amended Jan. 18 (1952), P. L. 2138, 72 PS §5453.701.

*first day of September,* file with the board a statement in writing of intention to appeal, setting forth: (1) The assessment or assessments by which such person feels aggrieved; (2) The address to which the board shall mail notice of when and where to appear for hearing. No person shall be permitted to appeal from any assessment in any year unless he shall first have filed the statement of intention required by this section, nor shall any person be permitted to appeal as to any assessment not designated in such statement." (Emphasis supplied).

For the purpose of this appeal it is the *time provisions* of this statutory provision which are important. The Board of Assessment shall make its assessment *"not later than August 15"; "within five days"*—i.e. not later than August 25—notice must be given to the property owner; the property owner may appeal *before September 1.* The appellee argued, and the court below upheld his position, that these time provisions preclude a property owner whose property is reassessed, under Section 677.1 of the School Code, after September 1 from taking an appeal from such reassessment. The soundness of appellee's argument depends on whether the time provisions in the statute are directory or mandatory.

It is the legislative intent—ascertained from an examination of the statute as a whole, its nature and object, and the consequences which would result from one or the other construction—which determines whether the statute is directory or mandatory: *McQuiston's Adoption,* 238 Pa. 304, 86 A. 205; *Pleasant Hills Borough v. Carroll,* 182 Pa. Superior Ct. 102, 125 A. 2d 466; *Baldwin Appeal,* 153 Pa. Superior Ct. 358, 33 A. 2d 773.[3] In *McQuiston's Adoption,* supra, p. 309, we

---

[3] Lord Mansfield in *Rex v. Locksdale,* 1 Burr 447 stated: "That whether a statute is mandatory or not depends on whether the thing

stated: "If . . . it appears that by construing the language of the act . . . as mandatory, the purpose of the act would be so seriously impaired as to amount to a defeat in purpose; while, on the other hand, if construing it as simply directory its efficiency is preserved, the latter construction is to prevail." See also: *Com. ex rel. Duff, etc. v. Eichmann et al.*, 353 Pa. 301, 304, 45 A. 2d 38; *County Commissioner Substitute Nomination Case*, 383 Pa. 372, 377, 118 A. 2d 750. "When a statute directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done: [citing cases]": *Deibert v. Rhodes*, 291 Pa. 550, 554, 140 A. 515; *Com. ex rel. Duff v. Eichmann*, supra, p. 304.

When the legislature in 1952 enacted this addition to the School Code we must assume it was aware of the appeal provisions of the "Fourth to Eighth Class County Assessment Law" and we must presume that the legislature did not intend a result that was either absurd or impossible of execution: Statutory Construction Act, May 28, 1937, P. L. 1019, art. IV, §52, 46 PS §552; *Speers Borough School District v. Com.*, 383 Pa. 206, 209, 117 A. 2d 702; *Driskel et al. v. O'Connor et al.*, 339 Pa. 556, 563, 15 A. 2d 366.

Time provisions in assessments statutes often have been held directory and not mandatory. In *Baldwin Appeal*, 153 Pa. Superior Ct. 358, 33 A. 2d 773, the court was called upon to determine whether the time provisions of the General County Assessment Law of

---

directed to be done is of the essence of the thing required." *Deibert v. Rhodes*, 291 Pa. 550, 554, 140 A. 515 and cases therein cited.

1933[4] were mandatory or directory. On August 31, 1940, when the assessors should have completed and returned their intertriennial assessments, Baldwin's lots were either vacant or houses were being built thereon; the latter buildings were not assessable as improvements on August 31 and the triennial assessment had covered only the land. On December 1, 1940 the buildings were completed and the assessor reassessed these properties with the value of the improvements added. The property owner argued that an improvement on property made after August 31 of any year other than a triennial year was not subject to reassessment because the statute provides, inter alia: ". . . the assessors are hereby required to complete the said assessments and to make return thereof not later than ninety days from the date of the issuing of [precepts to make assessments which were to be issued on or before June 1]," and since this statutory provision was mandatory any improvement made after August 31 of any one year other than a triennial year would be tax free during the subsequent year and that such was the intent of the statute. The Superior Court stated (p. 361) : "The interpretation suggested . . . is not necessary for the protection of property owners from unjust or inequitable taxation, or from the overreaching of the taxing authorities; but it would permit unwarranted exemptions from taxation . . .", and the court held that the time of the return did not invalidate the reassessments or render them void, the statute being directory and not mandatory. *York & Foster, Inc., Tax Assessment Case,* 163 Pa. Superior Ct. 602, 63 A. 2d 358, involved the determination of the validity of a taxing assessment made later than September 1 when the statutory pro-

---

[4] Act of May 22, 1933, P. L. 853, art. 4, §431(c), 72 PS §5020-431(c) repealed by the "Fourth to Eighth Class Assessment Law". supra.

visions provided that any increase in assessment should be made not later than September 1; Section 701 of the "Fourth to Eighth Class County Assessment Law", supra, provided that any increase in assessment shall be made not later than September 1, that notice thereof shall "thereupon" be mailed or delivered to the property owner and that said notice shall state that any person aggrieved by the assessment change may appeal to the Board by filing with the Board on or before October 1 a statement of intention to appeal; Section 704 provides for an appeal from the Board to the Court of Common Pleas within sixty days after the Board's final action and that a taxpayer may pay the amount of the increased tax under protest, in writing. The appellant contended that an assessment increase by the Board made on November 24 was invalid because it was not made prior to September 1 and no notice of the increase was received until after October 1. The Superior Court held that the County Assessment Law was manifest of a legislative intent to establish a uniform system of procedure, that appellant had failed to show that it was injured by reason of the revision in its assessment having been made later than the date set forth in the Act, and that the statute was not mandatory but directory in its time provisions.

In *Pennsylvania Railroad Co. v. Board of Revision of Taxes,* 372 Pa. 468, 93 A. 2d 679, we had a situation somewhat apposite to the instant case. The Act of July 27, 1939[5] provided that the Board of Revision of Taxes for Philadelphia County, ten days prior to the first Monday in October of each year, shall give printed or written notice to the registered owners of real property upon which the assessment had been increased or decreased, of the change made and that said notice must set forth that an appeal may be filed on or before the

---

[5] P. L. 1199, 53 PS §4805.1 et seq.

first Monday of October. On December 1, 1949 a notice was sent to the owner of realty of an increased assessment for the next calendar year, the assessment covering a warehouse and bindery which had not been completed until November 1949. The realty owner protested that notice was not given prior to October 1 as the statute required. The sole question was whether the statutory provision fixing the time of sending notice of a change of assessment was mandatory or directory. This Court, speaking through the present Chief Justice, stated, inter alia: ". . . it is not necessary, in order to protect property owners from unusual or inequitable taxation or from overreaching by the Board of Revision or by an assessor, that [the statutory provision as to time] be interpreted as mandatory so long as the rights of property owners to protest their assessments and to appeal therefrom are respected. On the other hand, if the provision were construed to be mandatory, a property owner would escape taxation throughout the succeeding calendar year on all new construction completed after the third Monday of September of the assessment year. . . . Moreover, the Act was not intended to afford an escape for a property owner from just taxation because of the oversight, inadvertence or dilatoriness of an assessor or of the Board of Revision" (pp. 472, 473). In answer to the argument therein made, and presently made, that tax statutes are to be construed strictly against the taxing authorities and most favorably to the taxpayer, it was said: "To hold that a time limitation in a statute is directory rather than mandatory does not mean that the statute has been liberally construed . . . In final analysis, the inquiry . . . is as to the correct legislative intent. Nor does any rule of construction require that the statutory procedural provisions for the assessment of property for taxation be so interpreted as to permit

a particular taxpayer to escape payment of his fair share of the tax burden." (pp. 474, 475)

The time provisions of Section 677.1 of the School Code are directory, not mandatory. Any other construction would thwart the legislative intent and render impossible of execution the salutary provisions of the statute. Property owners whose properties are reassessed under the statute have a right of appeal from such reassessment: they can file their appeal within a period corresponding to the time allowed between the nominal deadline for reassessment notices of August 25th and the appeal deadline of September 1. Prior to the passage of Section 677.1 a property owner who entered upon the construction of buildings after September 1 would not be subject to taxation of such buildings by the School District until a year from the following July. By Section 677.1 the legislature allows new building construction to be taxed immediately that it might bear its fair share of the tax burden. So long as the property owner has a right to appeal from a reassessment of his property as he undoubtedly has under this statute, the legislature was acting within its constitutional authority in the enactment of this statute.

Appellee's next contention is that the statutory provisions are invalid because they do not provide for a tax levy. A tax levy is "the formal and official action of a legislative body determining and declaring that a tax of a certain amount, or of a certain percentage on value, shall be imposed on persons and property subject thereto": McQuillin, Municipal Corporations (2nd ed.), §2564. The assessment involves "the preparation of lists of properties, real and personal, subject to taxation and the valuation thereof in the manner prescribed by law by the proper public authorities": McQuillin, supra, §2565.

The tax levy in the instant case was made in the spring of 1956. Section 677.1 neither makes nor purports to make a new tax levy; it simply provides a method for the reassessment of taxable property and for the inclusion in the tax duplicate of any additional property subject to tax. While the inclusion in the tax duplicate of additional property subject to tax may result in an increase in the tax receipts over and above the amount of such tax receipts anticipated by the school district when it enacted its tax levy, such fact neither invalidates the inclusion in the tax duplicate of the additional taxable property nor affects in any manner the principle that the levy of taxes must not exceed the amount of the municipal budget. All that Section 677.1 accomplishes is the prevention of persons from escaping just taxation. What this Court said in *State Line & Sullivan R. R. Co.'s Taxation*, 264 Pa. 489, 493, 107 A. 860, is apposite to the construction to be given Section 677.1: "It is not the policy of the law to permit persons to escape taxation through an omission by the assessor to place a property in assessment. That such result may not be accomplished, courts will give a liberal construction to those acts which tend to an equalization of the burden of taxation". Section 677.1, providing for a reassessment of property as of a date after the first of the tax year and permitting the collection of taxes thereon for the remaining part of such year, realistically permits the imposition of a tax for a part of the year even though the subject of the tax has not existed during the full year. This contention of appellee is without merit.

Appellee's next contention—that Section 677.1 is discriminatory in that it provides that any improvement made during the month shall be computed as having been made on the first of the month—was effectively answered by the court below: "There is no un-

lawful discrimination because the advance of the effective date of the completion of the improvement (by the construction of a building) operates equally on every property and on every building (not included in the tax duplicate) constructed after September 1 of any year and each and all of said properties are made taxable at the reassessed valuation only for that proportionate part of the fiscal year remaining after the respective property was improved. So it is that the levy of school taxes is, in that respect, equal and uniform upon all properties of the same class, as is mandatory by Section 603 of the Code, and the general constitutional prerequisite."

The court below found that the provisions of Section 677.1 were "so vague and indefinite and ambiguous as to preclude plain application in the circumstances here". Unfortunately we do not have the benefit of the reasons which led the court to this conclusion. Our own examination of Section 677.1 leads us to the opposite conclusion. We fail to find any such ambiguity, uncertainty or vagueness in the statute which makes it unworkable or incapable of application in the instant situation, or would furnish any basis for declaring the statute invalid.

The purpose inherent in Section 677.1 is salutary. By its terms the legislature has wisely and commendably closed a loophole in the tax statutes through which property owners by the postponement of building construction until after September 1st of any year could escape just and equitable taxation by a school district for a period of almost two years. We fail to find in this legislative enactment any invalidity or conflict with the Constitution.

Judgment reversed.