Derr Enterprises, Inc., t/a West Lawn Beverage Co., Kohl Roofing & Siding Company, and Chester Irwin, in Their Own Right and on Behalf of All Others Similarly Situated, Appellants *v.* Wilson School District and Clayton D. Rehrer, Appellees.

Argued December 7, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt and DiSalle.

*John A. Boccabella,* with him *Liever, Hyman & Potter,* for appellants.

*Calvin E. Smith,* with him *Stevens & Lee,* for appellees.

OPINION BY JUDGE DiSALLE, January 26, 1978:

This is an appeal by Derr Enterprises, Inc., t/a West Lawn Beverage Co., Kohl Roofing & Siding Company, and Chester Irwin (Appellants) from a Final Decree of the Court of Common Pleas of Berks County, sitting in equity.

On June 29, 1973, the Wilson School District, a third class School District, adopted a mercantile tax resolution pursuant to The Local Tax Enabling Act[1] (LTEA). The tax resolution divides businesses into three classes for purposes of computing the volume of business to be taxed. The first class consists of businesses that have been in operation for at least one full quarter prior to the date on which the tax is due.

---

[1] Act of Dec. 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq.

The second class consists of businesses that have commenced operation subsequent to the beginning of the tax quarter. The third class consists of businesses which are temporary, seasonal, or itinerant in nature. The first and third classes are taxed on the whole volume of business conducted during the tax quarter, while the second class is taxed on an estimated basis determined by multiplying the whole volume of business conducted in the first month of operation by the months and fraction thereof that the business was actually in operation during the quarter. The resolution also provided that the tax imposed is for the tax year commencing July 1, 1973 and ending June 30, 1974 and for tax years thereafter with an effective date "as provided by law."

On March 13, 1974, Appellants brought suit in equity against the Wilson School District and Clayton D. Rehrer, the mercantile tax officer, (Appellees) challenging the validity of the tax. Appellants sought to enjoin enforcement of the tax resolution and sought a refund of all taxes and penalties collected pursuant to it. After hearing before the Honorable Frederick EDENHARTER, sitting as Chancellor, the Appellants' prayer for relief was denied. Exceptions were filed and, following argument before the court en banc, were dismissed. This appeal followed.

The first issue raised by Appellants is whether the mercantile tax is invalid as a recurring tax because it remains in effect from year to year without annual reenactment. Appellants cite Section 672 of the Public School Code of 1949[2] (PSC) which provides pertinently:

(a) In all school districts of the second, *third* and fourth class, all school taxes shall be

_____
[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §6-672.

*levied* and assessed by the board of school directors therein, during the month of February or March or April or May or June *each year, for the ensuing fiscal year,* except in districts of the second class where the fiscal year begins on the first day of January, in which the school taxes shall be levied and assessed during the month of October or November of each year. In such school districts the tax rate shall not exceed twenty-five mills on the dollar, on the total amount of the assessed valuation of all property taxable for school purposes therein. Each school district of the second, third or fourth class may also collect a per capita tax on each resident or inhabitant of such district over eighteen years of age, as herein provided. (Emphasis added).

A tax levy is, of course, the imposition of a tax by the formal and official action of a legislative body. *Prichard v. Willistown Township School District,* 394 Pa. 489, 500, 147 A.2d 380, 387 (1959).

Appellees, on the other hand, rely on Section 4 of the LTEA, 53 P.S. §6904, which provides in pertinent part:

Every such tax shall continue in force on a calendar or fiscal year basis, as the case may be, without annual reenactment unless the rate of tax is subsequently changed.

The applicable statutes are thus, in our view, irreconcilable insofar as they relate to the issue of annual reenactment of school taxes. It is the role of this Court to determine which statute shall prevail. In so doing, it is our duty to ascertain and effectuate the intention of the General Assembly. Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a).

Our examination of the law in this area reveals a history that would delight the formulators of law school examinations. A brief review of that history will aid in the resolution of the issue before us. In 1947, the Legislature enacted the so-called "Tax Anything Act."[3] In 1951, the Allentown School District enacted a recurring mercantile tax pursuant to that act. Our Supreme Court, in *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 87 A.2d 480 (1952), held that under Section 672 of the PSC no tax imposed by a school district may be a recurring tax or a tax for longer than the ensuing fiscal year. The *Allentown* decision, however, is not dispositive of the present case. The LTEA, enacted subsequent to the *Allentown* decision was amended in 1967 by the addition of that part of Section 4 relied on by Appellees. No such provision existed in the "Tax Anything Act" construed in *Allentown.* On that basis alone, the *Allentown* decision would be greatly diminished in precedential value. There is, however, an additional factor to consider. The Statutory Construction Act of 1972 provides: "Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." 1 Pa. C.S. §1936. Thus, the 1967 amendment to the LTEA, postdating Section 672 of the PSC, must be held to prevail over the latter provision and amounts to a legislative abrogation of the *Allentown* decision.

At this point, the foregoing would have been dispositive. However, in 1972 an amendment was added to Section 672 of the PSC.[4] Subsection (a) of Section

---

[3] Act of June 25, 1947, P.L. 1145 (repealed by Section 23 of the Act of December 31, 1965, P.L. 1257).

[4] Act of June 16, 1972, P.L. 449.

672 was reenacted in its entirety, the only change being an amendment to the last sentence, which reduced the age of taxability from 21 years of age to 18 years of age for per capita tax purposes. The question, then, is whether this amendment supersedes Section 4 of the LTEA and therefore mandates a return to the rule of *Allentown*. The Statutory Construction Act of 1972, 1 Pa. C.S. §1957, provides:

> Provisions of a statute no longer effective because of having been deleted by an earlier amendment *or otherwise* shall not be construed as being revived by reenactment in an amendatory statute, unless it shall clearly appear by notice thereof in the title of the amendatory statute that the General Assembly intended to revive such provisions. (Emphasis added).

As we have already concluded, the provision of Section 672(a) of the PSC requiring annual reenactment was rendered ineffective by the 1967 amendment to Section 4 of the LTEA. The title of the 1972 amendment to Section 672 of the PSC gives notice only of a legislative intent to reduce certain age requirements. Thus, we must conclude that Section 4 of the LTEA continues to obviate the need for annual reenactment of school taxes imposed pursuant thereto.

Appellants also raise constitutional challenges to the mercantile tax resolution on equal protection and uniformity grounds, both facially and as applied. We believe Chancellor's EDENHARTER's adjudication (reported at 68 Berks 121 (1976))[5] quite properly and comprehensively disposes of these issues and see no purpose for further exposition by this Court.

Finally, the Appellants assert that the court below erred in failing to make certain findings of fact. We

---

[5] The opinion of the court below dismissing Appellants' exceptions to the adjudication may be found at 69 Berks 28 (1976).

have reviewed the record and find no merit in this contention.

Accordingly, we affirm.

### ORDER

AND Now, this 26th day of January, 1978, the Order of the Court of Common Pleas of Berks County is hereby affirmed.