## Augustine v. Turkeyfoot Valley Area School District (No. 3)

*William K. Eckel*, for appellant.

*C. Gregory Frantz* and *Eugene E. Fike, II*, contra.

COFFROTH, *P.J.*, February 21, 1978—This case is before us on a teacher's appeal under the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. § 11301 et seq., from his dismissal by the school board for unsatisfactory rating. Since this is the second appeal and the fourth time the case has been heard by the court on some phase, we briefly annotate the history as follows:

| | |
|---|---|
| August 23, 1976 | —Appellant dismissed by school board for unsatisfactory rating after hearing before the board. |
| June 1, 1977 | —On appeal to the court, opinion and order filed finding the dismissal invalid for want of anecdotal records, and scheduling the case for hearing before the court "for the purpose of affording the school district an opportunity to present an anecdotal record supporting the dismissal.": Augustine v. Turkeyfoot Valley Area School District (No. 1), 35 Somerset 45 (1977), 9 D. & C. 3d 183 (1977). |
| June 29, 1977 | —Anecdotal record hearing held. |
| July 5, 1977 | —Opinion and order filed finding the anecdotal record facially adequate, |

vacating the dismissal, and remanding the case to the board for further hearing to consider the anecdotal record and to allow appellant to present evidence: Augustine v. Turkeyfoot Valley Area School District (No. 2), 35 Somerset 76 (1977), 9 D. & C. 3d 183 (1977).

October 12, 1977 —Further hearing held before the board.

November 10, 1977 —Hearing held before the court to take the testimony of a witness under subpoena issued by the court.

December 3, 1977 —Appellant again dismissed by school board.

December 28, 1977 —Appellant again appealed the dismissal under the Local Agency Law, now before this court.

All of the issues now raised by appellant, save one, were raised and adjudicated in the prior proceedings; they are fully discussed in the previous opinions above referred to. We see no reason to alter those holdings, and no purpose would be served by repeating them here.

The one issue raised here squarely for the first time is that the unsatisfactory ratings were invalid because appellant was not supplied with copies of the anecdotal records immediately after they were made. This contention is based on paragraph 3 of the General Rating provisions of the rating cards which provides that: "Ratings should have the support of anecdotal records. In the case of UNSATISFACTORY ratings, such records must be maintained in the office of the superintendent of schools and a copy supplied to the employee immediately after it has been completed."*

In the initial opinion of June 1, 1977 (Augustine (No. 1), supra), we held that the making and keeping of anecdotal records is mandatory in order to support a dismissal for unsatisfactory rating. Those

records were maintained, as later held in the opinion of July 5, 1977. It is conceded that copies of those records were not immediately furnished to appellant when they were made; such copies were not furnished to him until June 29, 1977, at the hearing before the court when the records were produced for the first time.

On the initial appeal, the focus was upon the question whether anecdotal records, admittedly absent from the hearing record, were mandatory, and the subsidiary question of furnishing copies was not stressed. The matter was mentioned, however, in footnote 12 to the initial opinion which states: "Whether the direction on the rating card that a copy of the anecdotal record be immediately supplied to the employe is mandatory or directory has not been directly raised, but we do not consider that omission fatal in the absence of prejudice to the employe which is not shown here." The conclusion of no prejudice was based on the evidence in the record that appellant was orally informed of the deficiencies noted in the anecdotal records at the time of the occurrences, and that they were orally discussed with him. We must now give full consideration to the question whether the requirement to supply the employe with a copy of the anecdotal records when they were made is, like the requirement to make and maintain the records, mandatory, so that failure to comply is fatal to the dismissal.

It is a well established principle of statutory construction that every requirement imposed by law is not mandatory; some are, instead, directory. A mandatory provision is one whose violation renders void the proceedings to which it relates, while a

directory provision is one whose performance is required but is not vital to the validity of the proceedings: 34 P.L.E. 461, §141; 82 C.J.S §374, 868.[1]

Whether a legal requirement is mandatory or directory depends basically on the legislative intention, more specifically on whether the thing directed is of the essence of the proceeding: 34 P.L.E. §141, supra. In ascertaining that intention and essence, basic canons of statutory construction are generally applicable. See Statutory Construction Act of December 6, 1972, P.L. 1339, subchapter b, 1 Pa.C.S.A. §1921 et seq., which substantially reenacts article IV of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. §551 et seq.

The initial principle is that when the words of an enactment are clear and free from all ambiguity, its letter may not be disregarded in order to pursue its spirit: 1 Pa.C.S.A. §1921(b). Therefore, we must begin with the language of the regulation itself: Pennsylvania Railroad v. Board of Revision of Taxes, 372 Pa. 468, 93 A. 2d 679 (1953). In order to be completely clear and unambiguous in enacting a

---

1. We are not dealing here with a statute, but with a requirement in the nature of an administrative regulation which the Department of Education is authorized to make under section 1123 of the Public School Code of March 10, 1949, P.L. 30, 24 P.S. §11-1123. As to the method of its adoption, see footnote 13 of the prior opinion of June 1, 1977, (Augustine (No. 1), supra). Such regulations have the force of law and are as binding as the statute under which they are issued: Rostosky v. Com., 26 Pa. Commonwealth Ct. 478, 481, 364 A. 2d 761 (1976); 82 C.J.S. §108. In construing administrative regulations, the principles of statutory construction are applicable: 82 C.J.S. §105, supra; compare Marmer v. Pennsylvania P.U.C., 190 Pa. Superior Ct. 436, 440, 154 A. 2d 262 (1959).

mandatory directive whose violation voids the proceeding to which the directive relates, it is essential to use negative and prohibitory language which expressly renders the proceeding void and unenforceable if the directive is not complied with. See McQuiston's Adoption, 238 Pa. 304, 86 Atl. 205 (1913); Altoona Mayor Substitute Nomination Case, 413 Pa. 305, 311, 196 A. 2d 371 (1964); 34 P.L.E. §141, 365; 82 C.J.S. §377, 875. Compare Spickler v. Lombardo, 32 Somerset 16, 29 (1976), and Com. v. Holsopple, 28 Somerset 105, 107 (1972). In this case there is no such negative language. Instead, the regulation uses affirmative language that anecdotal records *must* be kept and a copy given immediately to the employe.

The affirmative words "must" and "shall," in their usual and customary meaning, are imperatives and are usually regarded as creating mandatory directives, but not always; in the absence of express negative prohibition, enactments are not always and necessarily intended to render invalid the proceeding if the directive is not carried out; instead, there is frequently the intention to establish directory requirements of "convenience and prudence": Altoona Mayor Nomination Case, supra, 311. Therefore, where explicit prohibitory language is lacking in a legislative directive, and its words are affirmative only, even though in form imperative such as "shall" and "must," the reviewing court must go beyond the language to the purposes and policies which underlie the enactment in order to find its essence and legislative intent, as provided in 1 Pa.C.S.A. §1921(c). See Fishkin v. Hi-Acres, Inc., 462 Pa. 309, 315, 341 A. 2d 95 (1975); Francis v. Corleto, 418 Pa. 417, 211 A. 2d

503 (1965); Kowell Motor Vehicle Registration, 209 Pa. Superior Ct. 386, 228 A. 2d 50 (1967); 34 P.L.E., §141; 82 C.J.S., §380A. In testing whether a mandatory or directory interpretation fulfills the essence of the enactment, the consequences expected to result from application of the particular interpretation are important. See Prichard v. Willistown Township School District, 394 Pa. 489, 147 A. 2d 380 (1959); Pennsylvania Railroad v. Board of Revision of Taxes, supra; Com. ex rel. Duff v. Eichmann, 353 Pa. 301, 45 A. 2d 38 (1946); Kowell Registration Case, supra; 1 Pa.C.S.A. §1921(c)(6).

The regulation in this case contains two distinct but related directives: anecdotal records "must be maintained in the office of the superintendent of schools" and "a copy supplied to the employee immediately after it has been completed." In the initial opinion of June 1, 1977 (Augustine (No.1), supra), the holding that the making and keeping of the anecdotal record was a mandatory requirement essential to the validity of an unsatisfactory rating was based on three elements: (1) use of the word "must" in the regulation, (2) appellate dicta, and (3) policy considerations. Policy considerations loomed large in our thinking. Without repeating all that was said in the prior opinion, the following statement from it summarizes the point: "An anecdotal *record* of observations of the employe's performance on specific dates and times, and of the factual details of such observations . . . while they are fresh in mind, is so important and so far superior in effectiveness and reliability to any later recital or documentation made for purposes of litigation, as to be worthy of a stringent rule mandating the former": 9 D. & C. 3d 172 (1977).

In short, an oral recital of facts in dismissal litigation given long after the events, based only on the recollection, is not an acceptable substitute for contemporaneous documentation and does not fulfill the essential object of the anecdotal record requirement. The basic purpose of the rating system, "[s]ecuring the justified discharge of the incapable, and avoiding the unjustified discharge of the capable. . . depend entirely upon the production of reliable evidence" and make the anecdotal record "so intimately essential to the quality of the system, that the provision for it must be regarded as mandatory": 9 D. & C. 3d 173 (1977).

The policy considerations supporting the second part of the regulation directing that the employe be immediately supplied with a copy of the anecdotal record when made, are substantially different. The purpose of that directive is two-fold: (1) to meet notice requirements of due process, and (2) to afford the employe the opportunity to correct his deficiencies as stressed in Mulhollen Appeal, 155 Pa. Superior Ct. 587, 597, 39 A. 2d 283 (1944). Given a proper anecdotal record, only the fact of notice of its contents rests on oral testimony which, if clearly and credibly shown, fully protects the employe. Clear proof of actual notice is usually accepted as the equivalent of formal notice when jurisdictional considerations are not involved, and if the party to be notified shows no prejudice. In this case, there is no showing of prejudice. See Borough of Norristown v. Com., 39 D. & C. 2d 245, 249 (1966). This is the thinking behind our comment in footnote 12 of the opinion of June 1, 1977, quoted above. It is consistent with the general principle of law that "'. . . when a statute directs certain proceedings to be done in a certain way, or at a certain time, the

law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done'." Coolbaugh v. Herman, 221 Pa. 496, 502, 70 Atl.830 (1908), quoting Potter's Dwarris on Statutes 221, 226; Pennsylvania Railroad v. Board of Revision of Taxes, supra. Substantial compliance as to time and manner of performance of a duty is generally held to fulfill the essence of the duty. See Com. ex rel. Fortney v. Wozney, 326 Pa. 494, 497, 192 Atl. 648 (1937); Com. v. Griest, 196 Pa. 396, 416, 46 Atl. 505 (1900); Kowell Registration Case, supra; Limekiln Golf Course v. Horsham Twp. Zoning Board, 1 Pa. Commonwealth Ct. 499, 512, 275 A. 2d 896 (1971); compare Johnstown Tax Sale, 27 Somerset 78, 86 (1971). In this case, there was timely oral notice; noncompliance with the literal directive of the regulation does not affect appellant's substantial rights.[2]

We think the prompt oral notice given to appellant of the contents of the anecdotal records, and the full, fair and timely opportunities given him of discussion and correction of deficiencies, fulfilled the essence of the regulation respecting the prompt furnishing of copies of the record. "Unjustified discharge of the capable" is avoided. Although appellant is not prejudiced by the procedure, the school district will be prejudiced if the failure to furnish copies, which is but a technical procedural error, is

2. The regulation's requirement that a copy of the anecdotal record be furnished "immediately" to the employe has been construed to mean "with reasonable promptness" in Mulhollen Appeal, supra.

allowed to defeat the larger public policy of the rating system to secure the "justified discharge of the incapable." See Prichard v. Willistown Township School District, supra, 496; Com. ex rel. Duff v. Eichmann, supra, 305; Borough of Norristown v. Com., supra, 250.

Treating a legal requirement as directory instead of mandatory does not mean that compliance is optional with the affected parties, or is to be ignored at will: Kowell Registration Case, supra, 390. In that connection, it should be noted that the non-compliance here appears to have resulted from a good faith ignorance or misapprehension of the regulation's requirements.

We also note the recent decision in Huber v. Mars Area School District, 3 D. & C. 3d 175 (1977), holding that the absence of an anecdotal record will not invalidate an unsatisfactory rating if the teacher was informed of his weaknesses and given an opportunity to correct them.[3]

## CONCLUSION

We find that appellant's dismissal did not violate his constitutional rights, is in accordance with law, and that the finding of facts made by the school board which are necessary to support its dismissal order are supported by substantial evidence. See section 8 of Local Agency Law of December 8, 1968, P.L. 1133, 53 P.S. §11308.

---

3. Huber, supra, also holds that a dismissed school teacher is not entitled to examine the members of the school board as on voir dire. Compare our ruling on voir dire in the initial opinion of June 1, 1977 (Augustine (No.1), supra).

## ORDER

Now, February 21, 1978, the order of the School Board of the Turkeyfoot Valley Area School District, made December 3, 1977, dismissing appellant for unsatisfactory rating, is affirmed. The parties shall pay their own costs.