## Crossley Appeal

*Frederick O. Brubaker* and *Paul R. Ober*, for appellant.

*Scott Huyett* and *Jonathan L. Wesner*, for appellee.

SCHAEFFER, *J.*, March 13, 1980—This is a zoning appeal in which Bruce G. Crossley (appellant) challenges the decision of the Zoning Hearing Board of Bern Township (the board) refusing to grant him a variance from certain provisions of the Bern Township Zoning Ordinance.

On October 27, 1978, appellant timely filed his notice of appeal in this court. On the same date, the prothonotary of this court issued a writ of certiorari and forwarded it to the secretary of the board. This writ of certiorari commanded the board to certify to the court its entire record of the proceedings before it in this case within 20 days after receipt of the writ. However, the board failed to file the record within the period of 20 days. Thereafter, on March 19, 1979, appellant filed a petition to sustain his appeal, and this court issued a rule thereon. On April 5, 1979, the board filed an answer containing new matter. On May 7, 1979, appellant filed his reply to the board's new matter.

On August 28, 1979, the board answered the writ of certiorari and filed the record of its proceedings with this court. Oral depositions were then taken, and, thereafter, on October 29, 1979, this court, en banc, heard argument on appellant's petition to sustain his appeal.

Appellant presents one issue for resolution—is the provision set forth in section 1008(2) of the Pennsylvania Municipalities Planning Code,[1] which requires the board to file its entire record with the court within 20 days after receipt of the writ of certiorari, mandatory or directory. Appellant argues that the provision is mandatory and that his appeal must be sustained and the variance sought granted. We disagree.

Section 1008(2) of the Municipalities Planning Code reads as follows:

_____

1. Act of June 1, 1972, P.L. 333, sec. 1008(2), 53 P.S. §11008(2).

"Upon filing of a zoning appeal, the prothonotary or clerk shall forthwith as of course, send to the governing body, board or agency whose decision or action has been appealed, by registered or certified mail, the copy of the zoning appeal notice together with a writ of certiorari commanding said governing body, board or agency within twenty days after receipt thereof to certify to the court its entire record in the matter in which the zoning appeal has been taken, or a true and complete copy thereof, including any transcript of testimony in existence and available to the governing body, board or agency at the time it received the writ of certiorari."

Succinctly, the statute makes the writ of certiorari a *command* to the board to certify its record to the court within 20 days. This is mandatory-type language.

Statutory provisions requiring a public officer to act within a specified time are generally regarded to be directory unless time is of the essence of the thing to be done or the statute indicates that the provision be regarded as mandatory: Com. ex rel. Fortney v. Wozney, 326 Pa. 494, 192 Atl. 648 (1937).

Where the act requires, as in the case at bar, the performance of a public duty, the neglect of which works general inconvenience, serious injury or injustice to those having no control over the person who is to perform the duty, a mandatory construction is usually not proper: Com. ex rel. v. Griest, 196 Pa. 396, 416, 46 Atl. 505 (1900). Rather, it is the intention of the legislature which governs and this intent is ascertained from a consideration of the entire statute, its nature, its object and the consequences that would result from construing it one way or the other: Fishkin v. Hi-Acres, Inc., 462 Pa.

309, 341 A. 2d 95 (1975); Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956); Earhart v. Board of Supervisors, 6 Pa. Commonwealth Ct. 455, 296 A. 2d 284 (1972). The court must give effect to the legislative intent: Statutory Construction Act of 1972, section 3.[2]

The correct test to determine whether the thing directed to be done is mandatory or directory is to determine whether it is of the essence of the thing required: Pennsylvania Railroad Co. v. Board of Revision of Taxes, 372 Pa. 468, 93 A. 2d 679 (1953). Furthermore, if a mandatory construction would so seriously interfere with the purpose of the statute that it would defeat its purpose, the provision is to be construed as directory only: Prichard v. Willistown Township School District, 394 Pa. 489, 147 A. 2d 380 (1959); Allegheny County v. Pennsylvania Public Utility Commission, 192 Pa. Superior Ct. 100, 159 A. 2d 227 (1960).

In order to apply these standards to the facts of the case before us, we must first examine the intent of the legislature in enacting the Municipalities Planning Code. That intent is set forth in section 105 of the act, which section reads as follows:

"It is the intent, purpose and scope of this act to protect and promote safety, health and morals; to accomplish a coordinated development of municipalities, other than cities of the first and second class; to provide for the general welfare by guiding and protecting amenity, convenience, future governmental, economic, practical, and social and cultural facilities, development and growth, as well as

2. Act of December 6, 1972, P.L. 1339, sec. 3, 1 Pa.C.S.A. §1921.

the improvement of governmental processes and functions; to guide uses of land and structures, type and location of streets, public grounds and other facilities; and to permit municipalities, other than cities of the first and second class, to minimize such problems as may presently exist or which may be foreseen. It is the further intent of this act that any recommendations made by any planning agency to any governing body shall be advisory only."[3]

Considering the intent as expressed, the tests to be applied, and the particular factual situation before us, we find that the language of section 1008(2), in spite of its mandatory style, is, nevertheless, clearly directory. A mandatory construction would so seriously interfere with the procedure called for under the code as wholly to defeat its purpose. Such a construction would permit the use of land wholly contrary to the purpose of the statute and the expressed intent of the legislature simply because a quasi-judicial body, i.e., the board, failed to file its record with the court within an arbitrary time frame.

The language of section 1008(2) commands the board to file its record with the court so that judicial review can take place in accordance with the appeal provisions of the statute. We find the provision that the record be filed within 20 days is not a part of the essence of this requirement.

Our reasoning is supported by the decisions of the Commonwealth Court in Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham

---

3. Act of July 31, 1968, P.L. 805, sec. 105, as amended by the Act of June 1, 1972, P.L. 333, sec. 1, 53 P.S. §10105.

Township, 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971), where the court held the provision "the Board Shall deliver or mail to the landowner a copy of its decision or report not later than the day following the date thereof" to be directory only; and Northampton Residents Association v. Northampton Township Board of Supervisors, 14 Pa. Commonwealth Ct. 515, 322 A. 2d 787 (1974), where the court held the requirement that an appellant "serve a true copy of the notice of appeal on the landowner within seven days after the filing of the appeal" to be directory.

In the case at bar, the board filed its record with this court on August 28, 1979, i.e., on the 305th day after the prothonotary issued the writ of certiorari. While this delay appears to have resulted from a belief of the part of the board's counsel that appellant had agreed to allow the board to file the record at the time the notes of testimony of the hearing before the board were complete and that it took an extended period of time to get the notes transcribed, we, nevertheless, strenuously disapprove of it.

However, we have found the 20-day provision directory only, and since appellant has not shown that he has sustained injury or prejudice as a result of this delay, we cannot grant his petition to sustain his appeal.

For the reasons given, we enter the following

ORDER

And now, March 13, 1980, the petition to sustain the appeal of Bruce G. Crossley in this matter is dismissed and the rule granted to show cause why it should not be sustained is discharged.