**Byrnes Appeal**

132

*William F. Schroeder*, for appellants.
*Martin J. King*, for board.

LUDWIG, *J.*, April 23, 1981—This is the property owners' appeal from an assessment made in 1977 by the Bucks County Board of Assessment Appeals (board) of tax parcel no. 54-3-147 in Yardley Borough. The stipulated facts are that in 1974 appellants Frank Byrnes and Paul F. Bride purchased the property in question; in 1974 and 1975 they remodeled a warehouse building on the property but did not obtain a building permit until April, 1976, after all of the work was completed. On July 13, 1977 the board changed the assessment of the property from $16,000 to $27,000 to reflect the remodeling work and the corresponding increased value of the property.

The sole issue before us is whether the Board of Assessment Appeals may properly increase an assessment after July 1 for all or any part of the then current tax year based on improvements made to the taxable property two years before. We conclude that it may not do so and, accordingly, that the appeal must be sustained.

Real estate tax assessments are regulated by acts of assembly. A change in an assessment in a third class county may occur either by a reassessment made "on or before the first day of July . . . and [the Board] shall add thereto and assess such property

or persons . . . as may have been omitted . . . and such added assessments may be used for the taxation of the property and persons for the following calendar and fiscal tax years for which the assessment roll is being prepared, for the current year and for the preceding three years . . ." Act of June 26, 1931, P.L. 1379, as amended, 72 P.S. § 5348; *or* by an interim assessment made during the taxation year, in the present case under The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. § 46306.

The Act of June 26, 1931, supra, makes it clear that the assessment increase of July 13, 1977 cannot qualify as a reassessment for fiscal tax year 1977-78, because its entry post-dated July 1. The reference in the law to three-year retroactive assessments relates solely to previously omitted properties, which is not the present case. See Board of Assessment of Lancaster Co. v. Philadelphia Electric Co., 10 Pa. Commonwealth Ct. 382, 308 A. 2d 627 (1973). That appellants did not obtain a building permit until 1976 and the board, consequently, was unaware of the property improvements is not a legal justification for allowing a reassessment to be made after the mandatory date provided in the act of assembly.

Furthermore, the board cannot prevail on the theory of interim assessment. An interim assessment, as the words signify, pertains to properties that have been improved during the then current tax year and may not be used to relate back to previously completed improvements. See Central Transportation, Inc. v. Board of Assessment Appeals of Cambria County, 490 Pa. 486, 417 A. 2d 144 (1980); Prichard v. Willistown Township School District, 394 Pa. 489, 147 A. 2d 380 (1959); United

134

States Steel Corporation v. Bucks County Board of Assessment and Revision of Taxes, 14 Bucks 397 (1965), modified, 422 Pa. 463, 223 A. 2d 92 (1966). Where construction of improvements is finished before the reassessment deadline, the board thereafter is limited to revising the assessment for the next ensuing tax year: Board of Assessment of Lancaster County v. Philadelphia Electric Co., supra; Johnston Industrial Development Corp. v. Jerome, 3 D. & C. 3d 52 (1977).

For these reasons, we enter this

## ORDER

And now, April 23, 1981, the appeal of the property owners is sustained, and the assessment of county tax parcel no. 54-3-147, Yardley Borough is stricken. The 1977 assessment of the property of $16,000 is directed to be reinstated.