**Pittner v. Pittner**

*Donald Hacker,* for plaintiff.
*Henry Hudson,* for defendant.

BLAHOVEC, *J.,* February 10, 1994—This matter comes before the court for determination of a petition to dismiss college support proceedings filed on behalf of William R. Pittner, defendant in the above-captioned matter. The parties are the parents of one child, Jason W. Pittner, born January 14, 1974. On May 19, 1992, plaintiff filed a petition seeking college support from the defendant on behalf of Jason. After various continuances, a domestic relations hearing officer held a hearing on the petition and this court entered an order dated November 12, 1992 requiring defendant to pay $120.00 per month for college support retroactive to September 1, 1992.

On November 24, 1992, defendant filed a petition to dismiss support proceeding and repay escrowed funds based on the decision of the Pennsylvania Supreme Court in *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992), entered on November 13, 1992. This court granted the petition to dismiss on November 24, 1992 but denied the request to return escrowed funds to the defendant. This court felt it had no other choice under *Blue, supra.*

On or about July 26, 1993 plaintiff, on behalf of Jason, filed a petition to modify order of support again seeking college support. Various continuances and disposition of a motion for production of documents delayed the matter until a domestic relations hearing officer recommended that the petition be granted and this court entered an order on October 20, 1993 directing defendant to pay $46.15 biweekly toward Jason's college education costs. An appeal was taken by the plaintiff on November 1, 1993 and by the defendant on November 2, 1993. A de novo support hearing was scheduled before this court for February 8, 1994.

Prior to the de novo hearing, counsel for defendant filed the petition to dismiss college support proceedings which is presently before the court. The defendant argues that Act no. 1993-62 (23 Pa.C.S. §4327) has been ruled unconstitutional by the Honorable James P. MacElree II of the Court of Common Pleas of Chester County, Pennsylvania in the case of *Curtis v. Kline,* no. 1012 N 1984. Defendant urges this court to reach the same conclusion as Judge MacElree and dismiss the petition for college support.

Counsel for both parties appeared before this court prior to the date of the de novo hearing. It was stipulated that the attorney general had been properly notified of the present action pursuant to Pa.R.C.P. 235. Both counsel asked the court to render a determination based on the constitutional issue. No briefs or oral arguments were presented. Counsel for defendant urged this court to adopt the opinion of Judge MacElree as the law in Westmoreland County. This court declines to do so.

The procedural history in this case illustrates the uncertainty which has arisen in the previously well-settled area of educational support law since *Blue, supra.* Judge MacElree, in a very thoughtful opinion, concluded that

the statute is unconstitutional because it unfairly singles out children of parents who are separated or divorced, thus denying equal protection to children of "intact families" in the area of educational support. He framed the issue as "...while applying the factors set forth in the Act, whether there is a rational basis for treating students and/or parents differently based on the parents' status of separated, divorced, unmarried, or otherwise subject to an existing support obligation." He failed to find such a rational relationship and ruled the Act violative of the 14 Amendment to the U.S. Constitution.

This court chooses to adopt a more conservative view. "[E]nactments of the legislature are clothed with a presumption of constitutional validity." *National Wood Preservers, Inc. v. Commonwealth Dept. of Environmental Resources*, 489 Pa. 221, 234, 414 A.2d 37, 44 (1980). "Nothing but a clear violation of the constitution will justify the judiciary in nullifying a legislative enactment." *Pritchard v. Willistown Twp. School Dist.,* 394 Pa. 489, 147 A.2d 380 (1959). It is basic policy of court to avoid unnecessary resolution of constitutional questions. *Nelson v. Miller,* 373 F.2d 474, *certiorari denied,* 87 S.Ct. 2042, 387 U.S. 924, 18 L.Ed. 2d 980 (1967). This court finds no clear constitutional violation in the present case.

In *Blue, supra,* the Supreme Court noted that while "several states have imposed a statutory duty upon a parent to provide college educational support for a child no longer considered a minor, ... our general assembly has not." *Id.* at 529, 616 A.2d at 632. The Supreme Court invited the legislature to enact a college support statute:

"Since our legislature has taken an active role in domestic matters through amendments and reenactment of the Divorce Code and the Domestic Relations Act,

we feel the more prudent course is to await guidance from that body rather than creating duties and obligations by judicial pronouncement." *Id.* at 529, 616 A.2d at 632.

This court prefers to await the directives of the appellate courts before declaring the enactment of the legislature, which in effect codifies *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa. Super. 640, 190 A.2d 182 (1963), which was good law for nearly 30 years, as unconstitutional.

Parenthetically, this court sees a rational basis for the classification of children of divorced and separated parents differently than children of intact families. Decisions regarding college and payment for college in intact families are often made around the kitchen table or in the living room in a dialogue between parents and children. When the family has become broken, those decisions may well have to be made around counsel tables and a judicial bench, just like decisions about child support, alimony, property distribution and the like.

This court also reads the statutory language "or otherwise subject to an existing support obligation" to leave the door ajar for a proper case of a child in an intact family to seek educational support. It is difficult to conceive of such a case, but the possibility is not foreclosed by the statutory language. As a practical matter, based on this court's experience, the only children who have need of recourse to the courts for educational support are children whose parents are separated, divorced or unmarried. That in and of itself provides a rational basis for the statute.

In summary, until an appellate court rules otherwise, in Westmoreland County, Pennsylvania, the statute relative to post-secondary education costs, 23 Pa.C.S.

§4327, is found to be a constitutional exercise of the authority of the general assembly specifically recognized by the Pennsylvania Supreme Court in *Blue, supra.*

Since counsel waived the de novo hearing and submitted this matter to the court solely for determination of the constitutional issue, no further proceedings are scheduled and the following order is entered:

## ORDER

And now, February 10, 1994, after careful consideration, it is hereby ordered and decreed that the petition to dismiss college support proceedings filed on behalf of the defendant is dismissed.

It is further ordered and decreed that the appeals of both parties to the order dated October 20, 1993 are dismissed and that order shall remain in full force and effect.